## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| | § | |
| **IN RE:** | § | **CHAPTER 7** |
| **CONTINUITY CONTROLS, LLC** | § | |
| | § | **CASE NO. 23-10690-SMR** |
| **DEBTORS** | § | |

---

### CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER
### APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE
### DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
### ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363
### AND GRANTING RELATED RELIEF (WITH 21-DAY LANGUAGE)

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

Randolph Osherow, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Continuity Controls, LLC (the "Debtor") hereby files this Motion (the "Motion") (21 day noticing language) for entry of an order approving the sale of substantially all assets of the estate (the "Estate"), free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief. In support of this Motion, the Trustee respectfully submits as follows:

## I.      JURISDICTION

1.      The Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 363.

## II.      BACKGROUND

A copy of the proposed Order attached as Exhibit "A".

3.     On August 29, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.     On or about August 29, 2023, the Trustee was appointed as chapter 7 trustee for the Debtor's Estate.

5.     Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of its creditors in accordance with the Trustee's power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure the maximum value of the estate assets is realized, which efforts include pursuing the sale of substantially all of the remaining assets.

6.     The Trustee proposes to sell substantially all of Debtor's assets, including but not limited to:

    a.  All Chapter 5 causes of action, known or unknown, including but not limited to, any preferences and/or fraudulent transfer against Alexander Yousefian, Justin McCoy, Patterson + Sheridan, LLP, Fred E. Walker, PC, and any prior officers and directors of Debtor;

    b.  All causes of action, known or unknown, including, but not limited to, any causes of action for breach of contract or breach of fiduciary duty against any prior officers, employees and directors of Debtor;

    c.  All physical assets identified by Debtor in its petition for Bankruptcy, including, but not limited to, Debtor's laptop;

    d.  Assignment/ownership of and/or transfer/access to Debtor's Google account and all information contained therein;

4878-4221-1223 v. 1

    e.   Assignment/ownership of and/or transfer/access to all intellectual property owned or assigned to Debtor; and

    f.   Assignment/ownership of and/or transfer/access to all records of Debtor whether they exist in an electronic or physical form held and/or maintained by any third party, including, but not limited to, Alexander Yousefain, Justin McCoy and Patterson + Sheridan, LLP (collectively, the "Assets").

7.    The Trustee has conducted due diligence and remains unaware of the existence of any remnant assets, and certainly none that could return value to the Estate greater than the Purchase Price (defined below). Accordingly, the Trustee has determined that the cost of pursuing any remnant assets will likely exceed the benefit that the Estate would possibly receive on account of the remnant assets.

8.    The Trustee and PFP Industries, LLC ("PFP" or "Buyer") have negotiated an agreement ("Purchase Agreement") for the sale of the Assets, substantially in the form attached hereto as **Exhibit B**.

9.    PFP Industries, LLC is listed on Schedule E of the Bankruptcy Schedules as being owed $2.9 million dollars.

10.    Trustee has no tangible assets of Debtor, other than a labtop computer, which shall be turned over to the purchaser upon consummation, of any sale.

### III.    RELIEF REQUESTED

11.    Pursuant to this Motion, the Trustee seeks entry of an order pursuant to 11 U.S.C. § 363(b) approving the sale and transfer of the Assets to PFP pursuant to the Purchase Agreement. In connection with the sale and transfer of the Assets pursuant to 11 U.S.C. § 363(f), the Trustee requests that such sale and transfer be free and clear of any liens, claims, encumbrances, and other

3

interests on the Assets. Finally, in connection with the sale and transfer of the Assets, the Trustee requests that the Court find that PFP is a good faith purchaser and entitled to the protections of 11 U.S.C. § 363(m).

## IV.    BASIS FOR THE RELIEF REQUESTED

### A. Sale of the Assets is Appropriate and May be Authorized Under Section 363(b) and 105 of the Bankruptcy Code.

12.    Section 363(b) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Bankruptcy Rule 6006(f) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." FED. R. BANKR. P. 6006(f). Courts evaluate proposed sales outside the ordinary course under section 363(b) based upon the Trustee's sound business justification. *See Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc., et al. (In re Continental Air Lines, Inc.),* 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *see also, Fulton State Bank* v. *Schipper,* 933 F.2d 513, 515 (7th Cir. 1991); *In re San Jacinto Glass Industries, Inc.,* 93 B.R. 934, 944 (Bankr. S.D. Tex. 1988); *In re Condere Corp.,* 228 B.R. 615, 628-69 (Bankr. S.D. Miss. 1998).

1.    The business judgment rule shields a trustee from judicial second-guessing. *See In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions"). Once a trustee articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest

belief that the action was in the best interests of the company.'" *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Thus, if a trustee's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of Bankruptcy Code.

13.     Section 105(a) of the Bankruptcy Code provides that [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. 105(a). Pursuant to section 105(a) of the Bankruptcy Code, the Court has liberal powers to fashion any order or decree that is in the interest and in furtherance of preserving or protecting the estate's assets, provided such order is not contrary to any provision of the Bankruptcy Code.

14.     The Trustee has determined, in the sound exercise of his business judgment, that selling and transferring the Assets to PFP is in the best interests of the Estate. The $30,000 purchase price ("Purchase Price") represents the highest and best offer received after active marketing of the Assets. Thus, in Trustee's business judgment the consideration contemplated therein represents fair market value for the Assets. Accordingly, the Court should approve the Trustee's proposed sale of the Assets to PFP as contemplated under the Purchase Agreement.

15.     The Purchase Agreement, setting forth the specific terms and conditions with respect to the sale, was negotiated at arm's length by the parties. The Trustee believes that the Purchase Agreement contains generally standard terms and conditions that would be expected in a transaction like the one addressed by this Motion and the Purchase Agreement. However, the Trustee directs all parties-in-interest to consult the Purchase Agreement for all of the specific terms and provisions of the proposed transaction as the descriptions in this Motion is a summary and the terms of the Purchase Contract control over the descriptions herein.

4878-4221-1223, v. 1

**B.** **The Sale of the Assets Should Be Free and Clear of All Liens, Claims, Encumbrances, and Other Interests.**

16.     The Trustee submits that the Court may authorize the sale of the Assets free and clear of all liens, claims, encumbrances, and other interests based on the Trustee's sound business judgment. Section 363(f) allows the Trustee to sell and assign the Assets free and clear of any interest if: (a) applicable nonbankruptcy law permits the sale of such property free and clear of such interest; (b) the holder of the interests consents; (c) the interest in a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of interest could compel a legal or equitable proceeding to accept monetary satisfaction of its interest. 11 U.S.C. § 363(f).

2.     Because Bankruptcy Code section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Assets free and clear of the interests. *In re Nature Leisure Times, LLC*, 2007 WL 4554276, *3 (Bankr. E.D. Tex. Dec. 19, 2007) ("The language of § 363(f) is in the disjunctive such that a sale free and clear of an interest can be approved if any one of the aforementioned conditions contained in § 363(f) are satisfied."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (stating that Bankruptcy Code section 363(f) is written in the disjunctive; holding that the court may approve the sale 'free and clear' provided at least one of the subsections of section 363(f) is met).

17.     To the extent that there are interests that may be asserted in the Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

**C.** **PFP is a Good Faith Purchaser and is Entitled to the Protections of Section 363(m) of the Bankruptcy Code.**

18.     Pursuant to section 363(m) of the Bankruptcy Code, a good faith purchaser is one who purchases assets for value, in good faith and without notice of adverse claims. *In re Mark Bell*

*Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993). As stated above, the Trustee engaged in marketing efforts and negotiations with prospective purchasers prior to entry into the Purchase Agreement with PFP. Throughout the sale process, the Trustee dealt in good faith with all prospective purchasers. The Trustee submits that the Purchase Agreement was negotiated in good faith, that the negotiations were free of collusion between the Trustee, his counsel, and prospective purchasers, and that the procedures employed by the Trustee were fair and reasonable and produced the highest and best arms-length office for the purchase of the Assets. Accordingly, the Trustee represents that PFP is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is fully entitled to the protections thereof.

## V. PRAYER

WHEREFORE, for all the foregoing reasons, the Trustee requests that the Court: (i) grants this Motion, (ii) approve the sale of the Assets to PFP free and clear of all liens, claims, encumbrances, and other interests, (iii) finds that PFP is a good-faith purchaser with respect to the Assets within the meaning of 11 U.S.C. § 363(m), and (iv) grant the Trustee such other and further relief as may be just and proper, and that such order be entered after twenty-one (21) days, unless an objection is timely filed in accordance with Rule 9014.

Respectfully submitted on this ___ day of December, 2023.

OKIN ADAMS BARTLETT CURRY LLP

By:   /s/ Christopher Adams
      Christopher Adams
      Texas Bar No. 24009857
      cadams@okinadams.com
      John Thomas Oldham
      Texas Bar No. 24075429
      joldham@okinadams.com
      1113 Vine Street, Suite 240
      Houston, Texas 77002
      Tel: (713) 228-4100
      Fax: (346) 247-7158

                    -and-

SHIELD LAW

      /s/ Christopher Shield
      Christopher Shield
      State Bar No. 24046833
      1810 Southmore Blvd., Suite 300
      Houston, Texas 77004
      Tel: (832) 274-1926
      CShield@SLawLit.com

                    -and-

MARK A. FONT, P.C.

      /s/ Mark A. Font
      Mark A. Font
      State Bar No.: 07216000
      16107 Kensington Dr. #265
      Sugar Land, Texas 77479
      Tel. (281) 635-4830
      markfontlaw@gmail.com

ATTORNEYS FOR PFP INDUSTRIES, LLC

      /s/
      Randolph N. Osherow
      342 W. Woodlawn Ave., Suite 100
      San Antonio, Texas 78212
      Tel. (210) 738-3001, ext. 212
      rosherow@hotmail.com

4878-4221-1223, v. 1

**CHAPTER 7 TRUSTEE**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-10690-smr |
| **Continuity Controls, LLC,** | § | |
| | § | |
| Debtor. | § | Chapter 7 |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR AN
ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE
DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363
AND GRANTING RELATED RELIEF (21 DAY LANGUAGE)**

Upon the Motion of Randolph Osherow, Chapter 7 trustee ("Trustee") for the estate of the

captioned debtor ("Debtor"), requesting the entry of an order approving the sale of substantially

all of the assets of the Debtor's Estate to PfP Industries, LLC ("PFP") free and clear of liens,

claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and related relief

("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.



EXHIBIT "A"

accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief sought in the Motion is GRANTED in its entirety.

2.      The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3.      The Purchase Agreement is fair and reasonable.

4.      Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Assets to PFP for the Purchase Price as provided in the Motion.

5.      Pursuant to 11 U.S.C. § 363(f), the sale of the Assets to PFP (the "Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto. The Buyer would not have entered into the Purchase Agreement and would not

consummate the transactions contemplated thereby: (i) if the Sale of the Purchased Assets to the Buyer, was not, except as otherwise expressly provided in the Purchase Agreement, free and clear of all claims, liens, interests and encumbrances of any kind or nature whatsoever; or (ii) if the Buyer would, or in the future could be liable for any of such liens, claims, interests or encumbrances.

6.    The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

7.    PFP is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code with respect to the Sale, Purchase Agreement, and the transactions contemplated and authorized by this Order, and it therefore entitled to all of the protections afforded by 11 U.S.C. § 363(m).

8.    The transfer of the Purchased Assets to PFP pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Assets and shall vest PFP with all of the Trustee's and the Debtor's Estate's right, title and interest in the Assets and proceeds thereof.

9.    Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry.

10.    This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

# # #

RANDOLPH N. OSHEROW, Chapter 7 Trustee
Texas State Bar No. 15335500
342 West Woodlawn, Suite 100
San Antonio, Texas 78212
(210) 738-3001 - Telephone
rosherow@hotmail.com

**ASSET PURCHASE AGREEMENT**

**DATED AS OF DECEMBER [●], 2023**

**BY AND BETWEEN**

**CONTINUITY CONTROLS, LLC**

**AS SELLER,**

**AND**

**PFP INDUSTRIES, LLC**

**AS BUYER**

**EXHIBIT "B"**

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of December 27, 2023, is by and between Continuity Controls, LLC, a Texas limited liability company ("Seller" or "Debtor"), and PfP Industries, LLC ("Buyer"). Capitalized terms used but not otherwise defined herein have the meanings set forth in **Error! Reference source not found.**.  Seller and Buyer are sometimes referred to collectively herein as the "Parties" and individually as a "Party".

## RECITALS

(A)     On August 29, 2023 (the "Petition Date"), the Seller filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. §§ 101 et seq., as amended, and collectively with the Federal Rules of Bankruptcy Procedure, the "Bankruptcy Code"), commencing bankruptcy proceedings jointly administered under Case No. 23-10690 (the "Chapter 7 Case"), in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court").

(B)     Seller desires to sell to Buyer the Purchased Assets (defined below) and Buyer desires to purchase from Seller the Purchased Assets upon the terms and conditions set forth herein.

(C)     The Purchased Assets are comprised of known and unknown assets and claims of the Debtor's bankruptcy estate (the "Estate") now existing or hereafter acquired.

(D)     Seller has the power and authority to sell and assign all right, title and interest in and to the Purchased Assets to Buyer, including, but not limited to the proceeds thereof.

(E)     The Parties intend to effectuate this Agreement through a sale of the Purchased Assets under sections 105 and 363 of the Bankruptcy Code.

(F)     This Agreement is subject to the approval of the Bankruptcy Court and will be consummated only under the Sale Order to be entered in the Chapter 7 Case.

## AGREEMENT

In consideration of the mutual promises contained herein, $30,000.00 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Buyer and Seller agree as follows:

## ARTICLE 1
## DEFINTIONS

1.1     Definitions.

For purposes of this Agreement, the following terms have the meanings specified or referenced below.

"Action" means any legal action, suit, or arbitration, or any inquire, proceeding or investigation, by or before any Governmental Authority.

"Agreement" has the meaning set forth in the introductory paragraph.

"Assumed Liabilities" has the meaning set forth in Section 2.3.

"Bankruptcy Code" means Title 11 of the United States Code.

"Bankruptcy Court" has the meaning set forth in the recitals.

"Business Day" means a day that is not a Saturday, a Sunday or any other day on which national banking institutions in Houston, Texas, are open to the public for conducting business and are not required or authorized to close.

"Buyer" has the meaning set forth in the introductory paragraph.

"Chapter 7 Case" means the cases commenced by Seller under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

"Closing Date" shall mean February 15, 2024.

"Dollars" or "$" means dollars of the United States of America.

"Effective Time" means 12:01 a.m., Central Standard Time, on the Closing Date.

"Law" means any law, statute, regulation, ruling or Order of, administered or enforced by or on behalf of, any Governmental Authority.

"Liability" means any liability (whether known or unknown, whether asserted or unasserted, whether absolute or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, and whether due or to become due and regardless of when asserted).

"Lien" or "Liens" means any charge, claim, lien, option, encumbrance, mortgage, pledge, security interest, conditional sale agreement or other title retention agreement, lease, security agreement, right of first refusal, option, restriction, tenancy, license, covenant, right of way, easement or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code or statute or law of any jurisdiction) on property.

"Order" means any decree, order, injunction, rule, judgment or consent of or by any Governmental Authority.

"Person" means any corporation, partnership, joint venture, limited liability company, organization, entity, authority or natural person.

"Petition Date" has the meaning set forth in the recitals.

"Purchase Price" shall have the meaning set forth in Section 3.1 hereof.

"Purchased Assets" has the meaning set forth in Section 2.1(b).

"Sale Order" means an order entered by the Bankruptcy Court in a form reasonably

satisfactory to Buyer and Seller, authorizing Sellers to sell the Purchased Assets to Buyer pursuant to this Agreement and sections 105 and 363 and  of the Bankruptcy Code, free and clear of all Liens, claims and interests other than Assumed Liabilities.

"Seller" shall have the meaning set forth in the Preamble hereto.

"Tax" and, with correlative meaning, "Taxes" mean with respect to any Person all federal, state, local, county, foreign and other taxes, including, without limitation, any income, alternative or add-on minimum tax, estimated gross income, gross receipts, sales, use, ad valorem, value added, transfer, capital stock franchise, profits, license, registration, recording, documentary, intangibles, conveyancing, gains, withholding, payroll, employment, social security (or similar), unemployment, disability, excise, severance, stamp, occupation, premium, property (real and personal), environmental or windfall profit tax, together with any interest, penalty, addition to tax or additional amount imposed by any Governmental Authority responsible for the imposition of any such tax (domestic or foreign).

1.2    Other Definitions and Interpretive Matters.  Unless otherwise expressly provided, for purposes of this Agreement, the following rules of interpretation shall apply:

(a)    Calculation of Time Period. When calculating the period of time before which, within which or following which any act is to be done or step taken pursuant to this Agreement, the date that is the reference date in calculating such period shall be excluded. If the last day of such period (or if any other date specified in this Agreement for giving any notice or taking any action) is a day other than a Business Day, then the period (or date) in question shall end on (or be deemed to be) the next succeeding Business Day.

(b)    Gender and Number. Any reference in this Agreement to gender includes all genders, and words imparting only the singular number include the plural and vice versa.

(c)    Headings. The provision of a table of contents, the division of this Agreement into Articles, Sections and other subdivisions and the insertion of headings are for convenience of reference only and shall not affect or be utilized in the construction or interpretation of this Agreement. All references in this Agreement to any "Section" or "Article" are to the corresponding Section or Article of this Agreement unless otherwise specified.

(d)    Herein. Words such as "herein," "hereof" and "hereunder" refer to this Agreement as a whole and not merely to a subdivision in which such words appear, unless the context otherwise requires.

(e)    Including. The word "including" or any variation thereof means "including, without limitation," and shall not be construed to limit any general statement that it follows to the specific or similar items or matters immediately following it.

(f)    No Strict Construction. Buyer, on the one hand, and Seller, on the other hand, participated jointly in the negotiation and drafting of this Agreement, and, in the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as jointly drafted by Buyer, on the one hand, and Seller, on the other hand, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provision of

this Agreement. Without limitation as to the foregoing, no rule of strict construction construing ambiguities against the draftsperson shall be applied against any Person with respect to this Agreement.

## ARTICLE 2
## PURCHASE AND SALE; ASSUMPTION OF LIABILITIES

2.1     Purchase and Sale.

(a)     Upon the terms and subject to the conditions of this Agreement and the Sale Order, on the Closing Date, Seller shall sell, transfer, assign, convey and deliver, or cause to be sold, transferred, assigned, conveyed and delivered, to Buyer, and Buyer shall purchase from Seller, Free and Clear of all Encumbrances, the Purchased Assets.

(b)     The "Purchased Assets" shall include all right, title and interest of Seller in, to or under the following (after excluding any Excluded Assets):

(i)     All Chapter 5 causes of action, known and unknown, including, but not limited to, any preferences and/or fraudulent transfer against Alexander Yousefian, Justin McCoy, Patterson + Sheridan, LLP, Fred E. Walker, PC, or any prior officers and directors of Debtor;

(ii)     All causes of action, known and unknown, including, but not limited to, any causes of action for breach of contract of breach of fiduciary duty against any prior officers, employees and directors of Debtor;

(iii)     All physical assets identified by Debtor in its Petition for Bankruptcy, including, but not limited to, Debtor's laptop;

(iv)     Assignment/Ownership of and/or transfer/access to Debtor's Google account and all information contained therein;

(v)     Assignment/Ownership of and/or transfer/access to all intellectual property owned or assigned to Debtor; and

(vi)     Assignment/Ownership of and/or transfer/access to all records of Debtor whether they exist in an electronic or physical form held and/or maintained by any third party, including, but not limited to, Alexander Yousefian, Justin McCoy and Patterson + Sheridan, LLP.

2.2     Assignment and Assumption of Liabilities.

Upon the terms and subject to the conditions of this Agreement, Buyer shall assume and agree to discharge, when due (in accordance with its respective terms and subject to the respective conditions hereof), only the following Liabilities (collectively, and less and except the Excluded Liabilities, the "Assumed Liabilities") and no others:

(a)     Purchased Assets.  All of the Seller's Liabilities under the Purchased Assets to the extent such Liabilities are attributable to periods from and after the Effective Time.

(b)    Buyer Taxes. Taxes, to the extent applicable, are the responsibility of Buyer.

(c)    Other Purchased Assets.  To the extent not already described above, all Liabilities arising from, related to, or associated with the Purchased Assets, to the extent such Liabilities are attributable to periods from and after the Effective Time.

The assumption by Buyer of the Assumed Liabilities shall not, in any way, enlarge the rights of any third parties relating thereto.

### ARTICLE 3
### PURCHASE PRICE; ASSIGNMENT OF PURCHASED ASSETS

3.1    Purchase Price.

The Purchase Price shall be good funds in the amount of Thirty Thousand and No/100 Dollars ($30,000.00). Concurrently with the execution of this Agreement by Buyer, Buyer shall pay to Seller the deposit of $10,000, which shall be held by Seller in a non-interest-bearing account and applied to payment of a portion of the Purchase Price at the Closing Date. On the Closing Date, Buyer shall pay by wire transfer to Seller the outstanding amount owed on the Purchase Price. Buyer shall make payments by wire transfer to Seller's attorney, using the following wire information:

Axos Bank
4350 La Jolla Village Drive, Suite 140
San Diego, CA 92122
ABA #122287251
Account Name: Continuity Controls, LLC

3.2    Assignment of Purchased Assets.

Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Buyer all of the Seller's right, title and interest under, in and to the Purchased Assets, as well as any and all claims and rights related to the Purchased Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Purchased Assets and all amounts, interest and costs due under the Purchased Assets.

3.3    Authority to Sell.

The sale of the Purchased Assets by the Seller is made pursuant to the authority vested in the Seller, as Chapter 7 Trustee.

3.4    Bankruptcy Approval.

The sale of the Purchased Assets is condition precedent to approval by the Bankruptcy Court and entry of a Sales Order allowing sale of the Purchased Assets to Buyer. The Bankruptcy Court shall have entered the Sale Order and the Sale Order shall be in full force and effect, shall be final in all respects, shall not have been modified, amended, rescinded or vacated in any material

respect, and shall not be subject to a stay pending appeal. If the Court does not approve this sale, this agreement shall be VOID and of no further force or effect.

## ARTICLE 4
## REPRESENTATIONS AND WARRANTIES OF SELLER

4.1    Seller's Representations and Warranties.

In consideration of Buyer's agreements herein and to induce Buyer to enter into this Agreement, Seller represents and warrants to Buyer that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Buyer in the Purchased Assets as is set forth in this Agreement free of any liens or other encumbrances, subject to Bankruptcy Court approval.

EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS AND TRANSFERS THE PURCHASED ASSETS TO THE BUYER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

## ARTICLE 5
## TERMINATION

5.1    Termination Events.

Anything contained in this Agreement to the contrary notwithstanding, this Agreement may be terminated at any time prior to the Closing Date as follows:

(a)    by mutual written agreement of Buyer and Seller;

(b)    automatically and without any action or notice by either Seller to Buyer, or Buyer to Seller, and immediately upon the entry thereof, if there shall be in effect a Final Order restraining, enjoining or otherwise prohibiting the consummation of the transactions contemplated under this Agreement;

(c)    by either Buyer or Seller (provided that the terminating party is not then in material breach of any representation, warranty, covenant or other agreement contained herein), if there shall have been a material breach or misrepresentation of any of the representations or warranties or a material breach of any of the covenants set forth in this Agreement;

(d)    by Buyer on any day on or after the third business day following the Closing Date if the closing shall not have been consummated by such date (or by such later date as shall be mutually agreed to by Buyer and Seller in writing).

5.2    Effective of Termination of Breach.

If the transaction contemplated hereby is not consummated: (a) this Agreement shall become null and void and of no further force and effect, except (i) for this Section 5.2 and (ii) that the termination of this Agreement for any cause shall not relieve any party hereto from any Liability which at the time of termination had already accrued to any other party hereto or which

thereafter may accrue in respect of any act or omission of such party prior to such termination; and (b) the payment of the Purchase Price shall be returned to the Buyer within three business days of the termination of this Agreement.

### ARTICLE 6
### GENERAL PROVISIONS

6.1    Notice of Transfer/Address Change.

All notices, consents, waivers and other communications under this Agreement must be in writing and shall be deemed to have been duly given when (a) delivered by hand (with written confirmation of receipt), (b) sent by email (with read receipt requested, with the receiving Party being obligated to respond affirmatively to any read receipt requests delivered by the other Party), (c) received by the addressee, if sent by a delivery service (prepaid, receipt requested) or (d) received by the addressee, if sent by registered or certified mail (postage prepaid, return receipt requested), in each case to the appropriate addresses and representatives (if applicable) set forth below (or to such other addresses and representatives as a Party may designate by notice to the other Parties):

(i)    If to Seller, then to:

Randolph N. Osherow
342 W. Woodlawn Ave., Suite 100
San Antonio, TX 78212
Houston, Texas 77002
Attn:   Randolph N. Osherow
Email: rosherow@hotmail.com

(ii)    If to Buyer:

PFP Industries, LLC
14227 Fern Street
Houston, Texas77079
Attn: Brian DeCaires
Email: brian.decaires@pfpindustries.com

and

Shield Law
1810 Southmore Blvd., Suite 300
Houston, Texas 77004
Attn: Christopher Shield
Email: CShield@SLawLit.com

with a copy (which shall not constitute notice) to:

>Okin Adams Bartlett Curry LLP
>1113 Vine Street, Suite 240
>Houston, Texas 77002
>Attn:   Chris Adams
>Email: cadams@okinadams.com

5.3     Limited Power of Attorney.

Solely with respect to the Purchased Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Buyer as its true and lawful attorney and authorizes Buyer to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Purchased Assets herein assigned. Seller grants unto Buyer full authority to do all things necessary to enforce the Purchased Assets and its rights thereunder pursuant to this Agreement.

5.4     Entire Agreement.

This Agreement embodies the entire agreement and understanding between Seller and the Buyer and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

5.5     Benefits and Binding Effect.

All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and Buyer.

5.6     Governing Law.

This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas, without giving effect to choice of law principles of the State of Texas.

5.7     Counterparts.

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

5.8     Time of Essence.

Time shall be of the essence with respect to all time periods and notice periods set forth in this Agreement.

5.9     Expenses.

Whether or not the transactions contemplated by this Agreement are consummated, the Parties shall bear their own respective expenses (including all compensation and expenses of

counsel, financial advisors, consultants, actuaries and independent accountants) incurred in connection with this Agreement and the transactions contemplated hereby.

*[Signatures Appear on Following Page]*

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed and delivered by their duly authorized representatives, all as of the day and year first above written.

**SELLER:**

CONTINUITY CONTROLS, LLC,

By: _____
Name: _____
Title: _____

**BUYER:**

PFP INDUSTRIES, LLC

By: _____
Name: _____
Title: _____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 7** |
| **CONTINUITY CONTROLS, LLC** | § | |
| | § | **CASE NO. 23-10690-SMR** |
| **DEBTORS** | § | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the MOTION TO SELL, FREE AND CLEAR OF ALL LIENS AND INTERESTS -21 DAY LANGUAGE, was served upon the following parties in interest by U.S. first class mail, postage prepaid this **28** day of December, 2023:

Continuity Controls, LLC
13800 Lyndhurst St., Unit 91
Austin, TX 78717
Debtor

U.S. Trustee
903 San Jacinto Boulevard
Suite 230
Austin, TX 78701

John Thomas Oldham
1113 Vine Street
Suite 240
Houston, TX 77002
Purchaser

Frederick E. Walker
108 Wild Basin Rd. South, Suite 250
Austin, TX 78746
**Counsel for Debtor(s)**

The parties that have filed Notices of Appearance, will receive Notice of this pleading by the Court's CM/ECF system.
SEE ATTACHED MATRIX FOR A LIST OF PARTIES SERVED WITH NOTICE.

/s/ Randolph N. Osherow
RANDOLPH N. OSHEROW, Chapter 7 Trustee
Texas State Bar No. 15335500
342 West Woodlawn, Suite 300
San Antonio, Texas 78212
(210) 738-3001 - Telephone
(210) 737-6312 - Telefax
rosherow@hotmail.com

4878-4221-1223_v_1

(d)Justin McCoy
27359 W Hardy Rd 213
Spring, TX 77373-2328

(u)SHIELD LAW, PLLC
1810 Southmore Blvd. 300
Houston, TX 77004

ACE FLUID SOLUTIONS
129 Solo Rd
Odessa, TX 79762-8500

ALEXANDER YOUSEFIAN
13800 Lyndhurst St 91
Austin, TX 78717-6063

CENTURION SUBSEA SOLUTIONS
25310 Clay Rd
Katy, TX 77493-3150

CHRISTOPHER SHIELD
1810 Southmore, Blvd 300
Houston, TX 77004-5947

GULMINA SHAW
3040 Post Oak Blvd 1400
Houston, TX 77056-6584

INNODRY, LLC
27359 W Hardy 213
Spring, TX 77373-2328

INVI, LLC
27359 W Hardy 213
Spring, TX 77373-2328

JOHN CLAY BURCH III
8114 Yarrow Dr.
Cypress, TX 77433-6279

JUSTIN MCCOY
27359 W Hardy Rd 213
Spring, TX 77373-2328

MARK A. FONT, P.C.
16107 Kensington Dr. 265
Sugar Land, TX 77479-4224

NICK REISCH
3040 Post Oak Blvd 1400
Houston, TX 77056-6584

Patrick  LaRue
4400 Post Oak Parkway 2850
Houston, TX 77027-3453

PATTERSON + SHERIDAN LLP
24 Greenway Plaza, Suite 1600
Houston, TX 77046-2472

PfP Industries, LLC
c/o Christopher Adams
Okin Adams Bartlett Curry LLP
1113 Vine St., Suite 240
Houston, Texas 77002-1044

PFP INDUSTRIES, LLC
14227 Fern St
Houston, TX 77079-5622

SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1300
Waco, TX 76701