

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 25, 2024.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 23-10690-smr |
| Continuity Controls, LLC, | § § | |
| Debtor. | § | Chapter 7 |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND GRANTING RELATED RELIEF (21 DAY LANGUAGE)**

Upon the Motion of Randolph Osherow, Chapter 7 trustee ("Trustee") for the estate of the captioned debtor ("Debtor"), requesting the entry of an order approving the sale of substantially all of the assets of the Debtor's Estate to PfP Industries, LLC ("PFP") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and related relief ("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in

_____
[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED in its entirety.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. The Purchase Agreement is fair and reasonable.

4. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Assets to PFP for the Purchase Price as provided in the Motion.

5. Pursuant to 11 U.S.C. § 363(f), the sale of the Assets to PFP (the "Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto. The Buyer would not have entered into the Purchase Agreement and would not

consummate the transactions contemplated thereby: (i) if the Sale of the Purchased Assets to the Buyer, was not, except as otherwise expressly provided in the Purchase Agreement, free and clear of all claims, liens, interests and encumbrances of any kind or nature whatsoever; or (ii) if the Buyer would, or in the future could be liable for any of such liens, claims, interests or encumbrances.

6. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

7. PFP is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code with respect to the Sale, Purchase Agreement, and the transactions contemplated and authorized by this Order, and it therefore entitled to all of the protections afforded by 11 U.S.C. § 363(m).

8. The transfer of the Purchased Assets to PFP pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Assets and shall vest PFP with all of the Trustee's and the Debtor's Estate's right, title and interest in the Assets and proceeds thereof.

9. Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry.

10. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

### #

RANDOLPH N. OSHEROW, Chapter 7 Trustee
Texas State Bar No. 15335500
342 West Woodlawn, Suite 100
San Antonio, Texas 78212
(210) 738-3001 - Telephone
rosherow@hotmail.com