IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONTINUITY CONTROLS, LLC, | § | Case No. 23-10690 SMR |
| | § | |
| DEBTOR | § | Chapter 7 |
| | § | |

**MOTION TO COMPEL PRODUCTION
OR, ALTERNATIVELY FOR TURNOVER ORDER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW PfP Industries, LLC ("PfP Industries"), and files this motion to compel production or, alternatively, for turnover order, seeking an order compelling Debtor's former counsel to produce its entire file related to the Debtor, Continuity Controls, LLC, and in support thereof, respectfully show as follows:

### I. BACKGROUND AND RELEVANT FACTS

1. On August 29, 2023 ("Petition Date"), Debtor Continuity Controls, LLC filed a voluntary petition for relief under chapter 7 of title 11, United States Code ("Bankruptcy Code"), in the United States Bankruptcy Court for Western District of Texas, Austin Division ("Bankruptcy Court").

2. On August 25, 2023, Patterson + Sheridan LLP (Patterson + Sheridan) filed its first Opposed Motion to Withdraw as Attorney of Record for Debtor in a misappropriation of trade secret case involving PfP Industries, Debtor, and five other defendants—Alexander Yousefian, Justin McCoy, John Clay Burch, III, Innodry, LLC and inVi, LLC—that is pending in the 61st Court in Harris County, Texas ("Trade Secret Litigation").

3. On August 28, 2023, Patterson + Sheridan filed its second Opposed Motion to Withdraw as Attorney of Record for Debtor in the Trade Secret Litigation.

4. On December 14, 2023, without seeking the consent of the Trustee, seeking to lift the bankruptcy stay, and without Debtor's bankruptcy counsel's consent, Patterson + Sheridan filed its third Motion to Withdraw as Attorney of Record for Debtor in the Trade Secret Litigation.

5. On January 5, 2024, the court granted Patterson + Sheridan's third Motion to Withdraw as Attorney of Record for Debtor ("Withdrawal Order") in the Trade Secret Litigation.

6. On December 28, 2023, the Trustee filed Chapter 7 Trustee's Motion for an Order Approving the Sale of Substantially All Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Granting Related Relief Trustee's Motion to Sell Property Free and Clear of Liens (the "Motion") (Doc. No. 12).

7. No opposition or other response was filed to the Motion.

8. On February 25, 2024, this Court entered an Order Granting Chapter 7 Trustee's Motion for an Order Approving the Sale of Substantially All Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Granting Related Relief (the "Order") (Doc. No. 22).

9. The Order approved the Trustee's proposed sale, free and clear of any and all liens, claims, interests, and encumbrances of any kind or nature whatsoever, to PfP Industries of substantially all of Debtor's assets, including but not limited to:

> f. Assignment/ownership of and/or transfer/access to all records of Debtor whether they exist in an electronic or physical form held and/or maintained by any third party, including, but not limited to, Alexander Yousefian, Justin McCoy and Patterson+ Sheridan, LLP.

*See* Doc. No. 12, ¶ 6.

10. No stay of the Order was sought and no appeal was taken.

2

11. On April 9, 2024, PfP Industries, as the purchaser of Debtor's records, sent a letter to Patterson + Sheridan LLP demanding it turn over copies of all records related to its representation of the Debtor. A true and correct copy of this attached as Exhibit 1.

12. On May 25, 2024, PfP Industries, as part of a letter discussing avoidable preferences to Patterson + Sheridan's counsel, again notified Patterson + Sheridan that it had not provided copies of the Debtor's records and requested they be turned over within 10 days.

13. On June 13, 2024, PfP Industries sent another letter to Patterson + Sheridan's counsel requesting that Patterson + Sheridan produce the complete contents of its file on the Debtor. A true and correct copy of this letter (without attachments) is attached hereto as Exhibit 2.

14. On June 14, 2024, some 66 days after PfP Industries' initial demand, through its counsel, Patterson + Sheridan produced a portion of its records related to its representation of the Debtor.

15. On June 20, 2024, PfP Industries sent another letter to Patterson + Sheridan's counsel requesting that Patterson + Sheridan produce the complete contents of its file on the Debtor. A true and correct copy of this letter (without attachments) is attached hereto as Exhibit 3.

16. On June 24, 2024, through its counsel, Patterson + Sheridan produced another portion of its records related to its representation of the Debtor.

17. On June 25, 2024, in response to an email from PfP Industries, Patterson + Sheridan's counsel indicated a small team was purportedly working diligently.

18. On June 27, 2024, PfP Industries sent an email to Patterson + Sheridan's counsel pointing out a number of shortcomings in Patterson + Sheridan's production and requesting the anticipated date for production of the entire file. A true and correct copy of that email is attached hereto as Exhibit 4. Patterson + Sheridan has not responded to this email.

19. In preparation for this Motion, PfP Industries reviewed the Patterson + Sheridan sharefile site, and downloaded additional records produced by Patterson + Sheridan on July 1 and 2, 2024. A review of these records suggests that Patterson + Sheridan is still withholding records that should have already been turned over to PfP Industries.

## II.   ARGUMENT AND AUTHORITIES

20. Patterson + Sheridan knew more than 6 months ago that it had an obligation to tender a complete copy of the Debtor's file to its client and/or its client's representative.

21. An Order granting Patterson + Sheridan's motion to withdraw as counsel for Debtor was granted in Texas state court on January 5, 2024.

22. Setting aside issues of validity of that Withdrawal Order (Patterson + Sheridan did not seek consent of the Trustee or to lift the automatic stay), as soon as that Order was entered, Patterson + Sheridan had an obligation to deliver a copy of its file to a representative of its former client, which Patterson + Sheridan knew was the Chapter 7 Trustee, Mr. Osherow. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.15(d); *see also, Ponce v. Comm'n for Lawyer Discipline*, 2022 Tex. App. LEXIS 3513 *15 (Tex. App.—San Antonio May 25, 2022, no pet.) ("We hold there is sufficient evidence to support a finding that upon termination of representation, [attorney] failed to take the steps to the extent reasonably practicable to protect [client's] interests because [attorney] failed to return [] client file."); *Robins v. Comm'n for Lawyer Discipline*, Tex. App. LEXIS 164 at *36-39 (Tex. App.—Houston [1st Dist.] Jan. 9, 2020, pet. denied) (commission met its burden of establishing prima facie case that attorney violated Rule 1.15 by failing to return client's file)

23. The law in Texas has been settled for more than 100 years. As stated by the Texas Court of Criminal Appeals in *In re McCann*, 422 S.W.3d 701 (Tex. Crim. App. 2013):

> To whom does a client's file belong? ***The client's file belongs to the client***. In 1918, the Texas Supreme Court recognized explicitly that an attorney is an agent of his client and implicitly that ***a client owns the contents of his or her file***. *See Thomson v. Findlater Hardware Co.*, 109 Tex. 235, 237, 205 S.W. 831, 832 (Tex. 1918). ***Later, we expressly reaffirmed that a client owns the contents of his or her file***. *See Burnett v. State*, 642 S.W.2d 765, 769, n. 10 (Tex. Crim. App.1983) (citing *Thomson*, 205 S.W. at 832) ("[W]hen all is said and done, the tape recording, as with deeds, notes, vouchers, documents and papers of a client, is the property of [the client]"). . . . ***Today we reaffirm that a client owns the contents of his or her file***. Rytting advances a bevy of arguments as to why a client's file, or part of a client's file, does not belong to the client, and to support his arguments, he cites a number of sources. However, as we explain, each of Rytting's arguments is unpersuasive.

*Id.* at 705 (emphasis added, citation to footnotes omitted).

24. Furthermore, as explained in *Positive Software Solutions v. New Century Mortg. Corp.*, 2008 U.S. Dist. LEXIS 139588 (Sept. 17, 2008):

> ***Texas is firmly in the camp of those states that hold the client owns the file, including any work product***. *See In re George*, 28 S.W.3d 511, 516 (Tex. 2000) ("The attorney is the agent of the client, and the work product generated by the attorney in representing the client belongs to the client.") (citing *Hebisen v. State*, 615 S.W.2d 866, 868 (Tex. Civ. App. - Houston [1st Dist.] 1981, no writ) and Tex. Disc. R. Prof'l Conduct 1.15(d)); *Nolan v. Foreman*, 665 F.2d 738, 743 (5th Cir. 1982) ("Under Texas law, a client has the right to return of his papers on request.") (citing Hebisen); Resolution Trust Corp. v. H—, P.C., 128 F.R.D. 647, 649 (N.D. Tex. 1989) ("***But so long as the files were created in the course of the representation of the client, they belong to the client***."); James E. Brill, *Ownership and Disposition of Client Files*, 71 Tex. B.J. 318 (2008) (concluding, contrary to author's preference, that ***Texas is in the group of states where all file material belongs to the client***); Tex. Ethics Op. 570 (2006) (***lawyer cannot withhold work product notes from client***; expressly rejecting RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 46, cmt. c (2000)).

25. Patterson + Sheridan has had more than sufficient time to assemble and produce a complete copy of its former clients' file. This Court should enforce the Order. This Court should enter an Order requiring Patterson and Sheridan LLP to produce and turn over to PfP Industries' counsel a complete copy of all records related to its representation of the Debtor, Continuity

Controls. LLC, within ten (10) days of entry of the Order as well as file a certification in this Court that it has fully complied with this Court's Order.

### III. PRAYER

WHEREFORE, PfP Industries respectfully requests that the Court enter an Order requiring:

(a) Patterson + Sheridan LLP to produce and turn over to counsel for PfP Industries a copy of all records in its possession related in any way to its representation of Continuity Controls, LLC within ten (10) days;

(b) Patterson + Sheridan LLP to file a sworn verification in this Court that it has fully complied with the Order entered by this Court.; and

(c) granting such other relief as may be just and proper.

Respectfully submitted,

**SHIELD LAW, PLLC**

*/s/ Christopher Shield*
Christopher Shield
State Bar No. 24046833
1810 Southmore Blvd., Suite 300
Houston, Texas 77004
832.274.1926
Shield@SLawLit.com

and

**MARK A. FONT, P.C.**

*/s/ Mark A. Font*
MARK A. FONT
State Bar No.: 07216000
16107 Kensington Dr. #265
Sugar Land, Texas 77479
281-635-4830
markfontlaw@gmail.com

**ATTORNEYS FOR**
**PFP INDUSTRIES, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2024, a true and correct copy of the foregoing was served via electronic means to counsel for Patterson + Sheridan LLP by electronic mail and to all parties entitled to receive notice in this case through the Court's ECF system

*/s/ Christopher A. Shield*
Christopher A. Shield

## CERTIFICATE OF CONFERENCE

PfP Industries has repeatedly tried to resolve this issue and sent correspondence to Patterson + Sheridan on multiple occasions including letters sent via email on May 25, 2024, June 13, 2024, and June 20, 2024. On June 27, 2024, PfP Industries sent another email to Patterson + Sheridan requesting a firm commitment when ALL of the records would be produced to be responded to by June 28, 2024, otherwise PfP Industries would be forced to take this issue to the Court. Patterson + Sheridan has not responded to PfP Industries' June 27, 2024, email. Accordingly, despite numerous attempts on PfP Industries' part to resolve this matter, the matter has not been able to be resolved and Patterson + Sheridan has not responded to PfP Industries' June 27, 2024 email. PfP believes that Patterson + Sheridan s opposes to this Motion.

*/s/ Christopher A. Shield*
Christopher A. Shield