IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: | |
| **CONTINUITY CONTROLS, LLC,** | Case No.: 23-10690-SMR |
| Debtor. | Chapter: 7 |

**PATTERSON + SHERIDAN, LLP'S RESPONSE
TO PFP INDUSTRIES, LLC'S MOTION TO COMPEL PRODUCTION OR,
ALTERNATIVELY, FOR TURNOVER ORDER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES PATTERSON + SHERIDAN, LLP ("Patterson") the Respondent to the above stated Motion of PFP Industries, LLC ("PFP") and files this Response showing the Court as follows:

**SUMMARY RESPONSE**

1. PFP's Motion (the "Motion") is wrongheaded. Movant has several of its facts wrong (which are addressed below), but the bottom line is that ***Patterson has not refused to produce documents***. Indeed, even before the filing of the Motion, Patterson had already produced almost the entirety of the documentation it has located to date, with only one exception, discussed herein.

2. That exception entails documents for which Patterson has been informed, through counsel for one or more third parties (collectively, the "Co-Defendant"), that such Co-Defendant is demanding and may be seeking Court protection. Patterson takes no side regarding the validity of any such demand for protection, or resulting objection, versus the Motion, demanding production. Patterson is not asserting any such objections of its own. Rather, Patterson stands

ready to abide by this Court's ruling to resolve that dispute and extricate Patterson from the crosshairs of these competing positions.

3. To date, Patterson has already produced 8,185 documents, consisting of seven "rolling" batches, all at the request and direction of the Chapter 7 Trustee, who for most pertinent purposes stands in the shoes of Patterson's former client. All but one of those batches were uploaded to a sharefile to which Movant's counsel, at the request and direction of the Trustee, had already been granted access. That other batch was uploaded on July 4, 2024, just after the filing of the Motion.

## BACKGROUND AND ARGUMENT

4. Prior to the filing of this bankruptcy case, Patterson was engaged for a time in defending the Debtor, Continuity Controls, LLC (sometimes "Continuity"), and its principal as defendants in an intellectual property lawsuit styled *PfP Industries, LLC v. Innodry, LLC et al.*, bearing Cause No. 2021-52167, and pending in the 61st Judicial District Court of Harris County, Texas. PFP is and was the Plaintiff in that lawsuit, represented by the same counsel as now represents PFP as Movant. The Co-Defendant was and is a co-defendant in that lawsuit.

5. Patterson moved to withdraw as counsel for Continuity Controls, LLC and its principal. The main reason for the withdrawal was non-payment of fees. Other counsel substituted into the lawsuit as counsel for Continuity Controls, LLC.

6. Upon conversion of the bankruptcy case and the appointment of the Chapter 7 Trustee, the Chapter 7 Trustee became the successor to the attorney/client privilege that had existed between the Debtor and Patterson. *Commodities Future Trading Commission v. Weintraub*, 471 U.S. 343 (1985).

7. PFP claims status as assignee from the Trustee of various causes of action premised upon an asset sale that referenced "all Chapter 5 causes of action, known or unknown, including any preferences and/or fraudulent transfer against … Patterson + Sheridan, LLP" and causes of action against any prior officers, employees or directors of Debtor.[1] Although Patterson reserves any and all objections to the validity of these alleged assignments for certain purposes (including potential appellate purposes), even if PFP's alleged assignment of Chapter 5 causes of action against Patterson are, *arguendo*, assumed valid, PFP nevertheless has not become a "client" or "former client" of PFP.

8. The dispute between PFP and Patterson began with threats by PFP to bring a preference action against Patterson based on payments Plaintiff alleges Patterson received prior to the bankruptcy. After Patterson explained in writing, and in detail, why there was no basis for a preference action against Patterson, PFP pivoted and began demanding production of Continuity's client file. On May 31, 2024, Patterson sent a letter to counsel for PFP explaining that, while it questioned the validity of the assignment of the Chapter 5 claims and attorney/client privileges to PFP, Patterson would nevertheless produce the client file to the Chapter 7 Trustee, who could then produce to or withhold from PFP as he wished. *See* **Exhibit 1** (May 31, 2024 letter).

9. On June 14, 2024, by email exchange, the Chapter 7 Trustee authorized and requested production of documents by Patterson to PFP. Production began that same day.

10. The inference by PFP's counsel in one of his letters (*see* Movant's Ex. 3) that anyone might be playing "games" was apparently based on Movant's errant assumption that the first batch of production (uploaded on June 14, 2024) was the full extent of the production that

---

[1] It should be noted, at the time of this purported assignment, neither Continuity Controls nor the Trustee had asserted any Chapter 5 causes of action against Patterson or against any prior officer, employee or director of Debtor.

was being undertaken. Patterson believed it had corrected PFP's misapprehension with a June 24, 2024 email explaining that production was continuing and PFP's counsel should check the sharefile periodically as additional documents were uploaded.

11. As noted, Patterson has, with the Chapter 7 Trustee's authorization, already uploaded 8,185 documents. This has been a significant undertaking occupying multiple counsel and staff for which Patterson has, of course, not been compensated. Moreover, the requested documents were not all contained in a single "file," that could simply be turned over. Instead, Patterson has had to search its document management system and emails to determine what should be turned over. The only Debtor documents not yet uploaded to the Trustee are those documents for which the Co-Defendant has indicated it may be seeking protection. Assuming any other stray documents surface (if not affected by the Court's ruling on the third-party request for protection), those will likewise be uploaded to the sharefile site.

12. Not wishing to take sides, to inject itself into this discovery dispute, or to take on the risk that it might guess differently than this Court might ultimately rule, Patterson has uploaded the undisputed portion of its client file, and will produce, or not produce, those remaining documents *as instructed by this Court*.

13. In its Motion, Movant also requests that production be made within ten (10) days, although it is unclear when this ten-day period is supposed to commence. Movant also demands some sort of "certification" from Patterson. Both of these benefit from a slight detour into the law underlying Movant's request.

(a) Movant has not articulated any exigent circumstance warranting expedited production.

    (b)    Litigation against Patterson had been threatened—and has now been filed[2]—by PFP. Hence, none of the discovery rules found in Rule 30, et seq., of the Federal Rules of Civil Procedure have heretofore applied. Thus, none of the time limits found in those Rules are pertinent.

    (c)    Thus, the only "law" potentially governing this matter are the rules of the State Bar of Texas governing an attorney handing over a file to a client. Those rules do not specify a time for production, but require only good faith. Patterson has acted in good faith, as detailed above. The only "client" request Patterson has received is the June 14, 2024 authorization and direction received from the Chapter 7 Trustee, and Patterson has been fully responsive to that request. Moreover, Patterson's caution in its approach to production to date is borne out by the recent filing of the Adversary.

    (d)    Movant's demand for a "certification" however is unsupported in law. Only the Rule 30 series of the Federal Rules of Civil Procedure require anything akin to that, and those rules have not been invoked.

Accordingly, upon resolution of the third-party request for protection, if and when it is filed, Patterson will upload (or not upload) the remaining documents consistent with this Court's ruling and within such time period as the Court may designate.

    WHEREFORE, PREMISES CONSIDERED, Patterson respectfully requests that the Court enter an order providing the guidance and instructions requested above.

---

[2] Case No. 24-01040-smr, *PFP Industries, LLC v. Patterson + Sheridan, LLP,* et al., Bankr. W.D.Tex., Austin Div., filed on July 22, 2024 (the "Adversary Case").

Dated: July 23, 2024.                    Respectfully submitted,

                                              */s/J. Michael Sutherland*
                                              J. Michael Sutherland
                                                Texas State Bar No. 19524200
                                              Robert C. Rowe
                                                Texas State Bar No. 24086253
                                             **CARRINGTON, COLEMAN, SLOMAN**
                                                  **& BLUMENTHAL, L.L.P.**
                                             901 Main St., Suite 5500
                                             Dallas, TX  75202
                                             Telephone:     214-855-3000
                                             Facsimile:     214- 580-2641
                                             Email: msutherland@ccsb.com
                                                      rrowe@ccsb.com

                                             *Counsel for Patterson + Sheridan, LLP*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that, on July 23, 2024, the foregoing document was served in accordance with via the Court's CM/ECF system on all parties who have filed a notice of appearance or request for notice in this case.

                                              */s/Robert C. Rowe*
                                              Robert C. Rowe