IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONTINUITY CONTROLS, LLC | § | Case No. 23-10690 SMR |
| | § | |
| DEBTOR | § | Chapter 7 |
| | § | |

**INNODRY, LLC, JUSTIN MCCOY, JOHN CLAY BURCH, III AND INVI OIL & GAS, LLC'S RESPONSE TO PFP INDUSTRIES, LLC'S MOTION TO COMPEL PRODUCTION OR, ALTERNATIVELY FOR TURNOVER ORDER**

## I.   SUMMARY

PfP's motion to compel appears to be a thinly veiled attempt to obtain privileged documents and communications relating to state court litigation stayed by this bankruptcy proceeding in the hopes of using them against co-defendants of the Debtor in the state court litigation. of the Innodry Defendants to which PfP is not entitled. PfP claims that because it purchased substantially all of Continuity Controls assets, it is automatically entitled to all confidential documents and communications exchanged between Debtor's former counsel and counsel for Innodry, LLC, Justin McCoy, John Clay Burch III, and INV Oil & Gas, LLC (collectively **the Innodry Defendants**) in connection with the state court litigation. But PfP is not entitled to any such documents for two separate reasons. First, the documents and communications PfP seeks to compel are protected by the joint defense privilege, work product and attorney-client privileges, which cannot be unilaterally waived by Continuity Controls or the Chapter 7 Trustee without the consent of the Innodry Defendants. Second, PfP has not provided any legitimate reason as to why it needs communications and related documents with Innodry's counsel related to the state court lawsuit. Without a logical reason or substantial need for such documents, there is no basis for the Court to compel production.

**RESPONSE TO PFP'S MOTION TO COMPEL**                             **Page 1 of 9**

PfP has failed to meet its burden to compel and the motion should be denied. In addition, and in an abundance of caution, the Innodry Defendants will also shortly be filing a motion for protection in relation to the documents subject to the joint defense privilege.

## II. BACKGROUND

In August 2021, PfP Industries, LLC filed suit against Innodry, LLC, Justin McCoy, John Burch and for misappropriation of trade secrets and related claims in the 61st Judicial District of Harris County, Texas. Other defendants were later added, including Continuity Controls. Continuity Controls and Alex Yousefian were represented by counsel at Patterson + Sheridan, LLP and the remaining co-defendants were represented by counsel at Spencer Fane, LLP.

In approximately August or September 2022, Edgar Gonzalez with Patterson + Sheridan reached out to Nick Reisch with Spencer Fane about the co-defendants cooperating in the state court litigation in relation to their shared interests. All the parties agreed to do so. Later, in February 2023, Gonzalez and Reisch formally confirmed that they viewed all prior and subsequent communications between lawyers and others with their firms as being subject to the joint defense privilege available under Texas Rule of Evidence 503(b)(1)(C).

On August 29, 2023, Continuity Controls filed Chapter 7 Bankruptcy in this Court. Counsel for Debtor and the Innodry Defendants exchanged numerous confidential communications related to the state court litigation from late August 2022 through December 2023 with most such communications occurring from February 2023 through August 2023. Those communications involved key work product topics including legal analysis and strategy, handling of expert designations and depositions, discussions related to discovery and motion practice, and so on.

None of the Innodry Defendants are creditors of the Debtor nor have they otherwise appeared in this bankruptcy proceeding. Justin McCoy has only received limited information about this proceeding as a minority member of the Debtor. As a result, the first they knew of PfP's attempt to acquire privileged communications that involved the Innodry Defendants was when a lawyer for Patterson + Sheridan emailed them on June 21, 2024. Subsequent conversations confirmed that PfP appeared to be seeking privilege communications from the state court litigation between counsel for Debtor and counsel for the Innodry Defendants. The Innodry Defendants confirmed they wanted the privileged documents protected. The Innodry Defendants were not served with PfP's motion to compel but were provided with a copy by counsel for Patterson + Sheridan.

Patterson + Sheridan subsequently provided a copy of the documents it identified as subject to the joint defense privilege with the Innodry Defendants. A review of the documents indicates that they generally consist of (1) communications between attorneys (or other representatives, such as paralegals or assistants) at Patterson + Sheridan and attorneys (or other representatives, such as paralegals or assistants); and (2) communications internal to Patterson + Sheridan in which issues or information from the first set of communications were discussed.

### III. ARGUMENT

**A. PfP improperly seeks to compel documents and communications protected by the joint defense privilege, work product and attorney-client, privileges.**

A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Tex. R. Evid. 503(b). The purpose of the attorney-client privilege is to secure the free

flow of information between attorney and client on legal matters, without the fear that details of their communication will be disclosed. *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 647 (Tex.1995).

The joint defense privilege found in Texas Rule of Evidence 503(b)(1)(C), also known as the common interest doctrine or allied litigant doctrine, is an extension of the attorney-client and work product privileges. Rule 503(b)(1)(C) "creates a privilege for a client to prevent the disclosure of confidential communications made for the purpose of facilitating the rendering of professional legal services, when such communications are made by the client's lawyer to a lawyer representing another party in a pending action and concerning a matter of common interest." *In re Seigel*, 198 S.W.3d 21, 27 (Tex. App.—El Paso 2006, no pet.); Tex. R. Evid. 503(b)(1)(C). It applies regardless of whether the parties have entered into a written agreement. Tex. R. Evid. 503(b)(1)(C); *In re Skiles*, 102 S.W.3d 323, 326 (Tex. App.—Beaumont 2003, no pet.) The joint defense privilege is an exception to the general rule that the attorney-client and work-product privileges are waived upon disclosure of protected information to a third party. *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 401 (E.D. Tex. 2003) (citations omitted).

Generally, one party to a joint defense privilege cannot unilaterally waive the joint privilege. This rule has long been recognized in both state and federal courts in Texas. For example, in *National Medical Enterprises, Inc. v. Godbey*, the Texas Supreme Court held that an attorney had a duty under a joint-defense agreement to protect the co-defendants' confidences; and that communications from participants in the joint defense were confidential and protected from disclosures to any third party by the joint defense privilege, the attorney-client privilege and the work product privilege. *Nat'l Med. Enterprises, Inc. v. Godbey*, 924 S.W.2d 123, 129 (Tex. 1996).

Similarly, in *In re Western*, the Northern District of Texas recognized that when it comes to attorney client privilege in joint defense and common

interest cases, "only the one holding the privilege can waive the privilege; [and] no one can waive the privilege of another." *In re W. Fid. Mktg., Inc.*, No. 4:01-MC-0020-A, 2001 WL 34664165, at *10 (N.D. Tex. June 26, 2001) (citing Robert W. Higgason, *The Attorney–Client Privilege in Joint Defense and Common Interest Cases*, 34 HOUSTON LAWYER 20, 22 (1996)). The court recognized that no waiver can rest solely upon the actions of a single party. *Id*. Every holder of the privilege has the right to resist disclosure, and waiver requires the **consent of all**. *Id*.

Nearly every other jurisdiction to consider this issue has rendered similar and consistent opinions. *See Stanley v. Trinchard*, CIV.A. 02-1235, 2004 WL 1752221, at *3 (E.D. La. Aug. 3, 2004) ("Where there is a jointly held privilege, one party to a common defense may not unilaterally waive such a privilege."); *See MapleWood Partners, L.P. v. Indian Harbor Ins. Co.,* 295 F.R.D. 550, 605–06 (S.D. Fla. 2013) ("One member of a joint defense group cannot waive the privilege that attached to the information shared by another member of the group without the consent of that member…"); *In re Wagar*, 1:06-MC-127, 2006 WL 3699544, at *12 (NDNY Dec. 13, 2006) ("the essential benefit of such joint collaboration is that a member of the common legal enterprise cannot reveal the contents of the shared communications without the consent of all the parties… and none of the parties to the agreement may unilaterally waive the privilege."); *Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 90 F.R.D. 21, 29 (N.D. Ill. 1980) ("[T]he joint defense privilege cannot be waived without the consent of all parties to the defense…"); *John Morell & Co v. Local Union 304A of United Food; Commercial Workers*, 913 F.2d 544, 556 (8th Cir. 1990)( "It is fundamental that the joint defense privilege cannot be waived without the consent of all parties to the defense.)

In the instant case, the facts detailed in the Background section above demonstrate that the joint defense privilege applies. Continuity Controls and the Innodry Defendants had matters of common interest with regard to the

claims asserted by PfP in the state court action. It was in the common interest of the co-defendants to facilitate the exchange of information to defend against PfP's claims brought against them and they did after the Innodry Defendants and Continuity Controls were all named as parties. And Continuity Controls and the Innodry Defendants confirmed that such communications were being made with the understanding that they were subject to the privilege. These documents are clearly privileged. Indeed, the privilege protection for such documents is so strong that Texas law exempts even the mere existence of such documents from being disclosed such as on a privilege log. Tex. R. Civ. P. 193.3(c).

PFP's motion to compel fails to even address the issue of the privilege. But it is hard to understand on what basis they could obtain such privileged documents. According to Patterson + Sheridan, the only documents being withheld from being provided to PfP are those subject to the joint defense privilege that the Innodry Defendants seek to protect.

PfP claims that the Chapter 7 Trustee waived Continuity Control's attorney-client privilege and that PfP is entitled to all documents and communications exchanged between counsel at Patterson + Sheridan and Spencer Fane related to the State Court Action. But, as previously discussed, waiver of the joint defense privilege requires consent of *all* of the parties to the agreement. Neither the Chapter 7 Trustee nor Continuity Controls has any right to unilaterally waive the joint privilege on behalf of the Innodry Defendants. Thus, all joint defense materials and communications exchanged between Continuity Controls and the Innodry Defendants during the State Court Action is protected from disclosure to PfP.

Further, PfP improperly seeks documents and communications exchanged with experts that were jointly retained and designated by Continuity Controls and the Innodry Defendants in the State Court Action, including draft expert reports. Under Texas Rules of Civil Procedure 195(c)

and (d), communications between a party's attorney and any testifying expert witness is protected from discovery, regardless of the form of communication, and draft expert reports are protected from discovery, regardless of the form in which the draft is recorded. A document is subject to the joint defense privilege if it contains material that is part of a joint defense effort. *Ohio-Sealy* Mattress, 90 F.R.D. at 29. Because the expert witnesses were jointly retained by the defendants in furtherance of their common interest to defend against PfP's claims, the joint defense privilege extends the attorney-client and work product privileges to cover counsel's communications and materials exchanged with designated experts Rebekah Bezerra, Ricardo Valerdi and Brant Gallion. Neither the Chapter 7 Trustee nor Continuity Controls can waive the joint privilege without the consent of the Innodry Defendants.

The Innodry Defendants have not and do not consent to the unilateral disclosure of any jointly privileged documents and/or communications by Continuity Controls or the Trustee to PfP; therefore, PfP's motion to compel must be denied.

**B. PfP has failed to demonstrate a substantial need for the documents it seeks to compel.**

There are limits to information that can be compelled in federal court. Discovery is limited to nonprivileged matters that are relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Indeed, even without any motion, federal courts are directed to limit discovery that is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii). These rules apply to proceedings before this Court. Fed. R. Bankr. P. 7026, 9014(c).

Separate and apart from the privilege issue, PfP's motion to compel should be denied because PfP has failed to provide any valid reason on why the documents it seeks are relevant to any claim or defense and proportional to the needs of the case. It would not appear that Patterson + Sheridan's communications exchanged with counsel at Spencer Fane are needed by PfP

for any legitimate purpose. Patterson + Sheridan has already provided the Chapter 7 Trustee with thousands of documents from its former client's file. The only documents withheld were confidential materials relating to common interest communications with counsel for the Innodry Defendants related to the state court action.

PfP mentions potential claims of avoidable preferences against Patterson + Sheridan, but there simply is no reason to believe the withheld documents relating to communications with counsel for the Innodry Defendants could possibly be relevant to such claims, whatever their merits. The Innodry Defendants never received any money from the Debtor and PfP has asserted no such claim. Indeed, PfP's motion does not even really attempt to explain why the documents it seeks meet the standards under Rule 26(b)(1).

Indeed, the only possible reason that it appears could exist for PfP to engage in the effort to compel such documents is an attempt by PfP to gain an advantage in the state court litigation by getting to review privileged documents relating to the Innodry Defendants. This is not a valid reason to seek to compel the documents either in this Court or any other, whatever PfP's claim to "ownership" of the documents. Unless and until PfP can provide details to the Court as to how the documents it seeks to compel meet the requirements of Rule 26(b)(1), it has not met its burden. It has not done so and it is likely impossible for it to do so given the circumstances. Thus, the Court should deny the motion.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny PfP's Motion to Compel Production, or Alternatively for Turnover Order.

Respectfully submitted,

**SPENCER FANE LLP**

By: */s/ Brian W. Zimmerman*
    Brian W. Zimmerman
    State Bar No. 00788746
    bzimmerman@spencerfane.com
    3040 Post Oak Blvd., Suite 1300
    Houston, Texas 77056
    Telephone:(713) 552-1234
    Facsimile: (713) 963-0859
**ATTORNEYS FOR INNODRY, LLC, JUSTIN MCCOY, JOHN BURCH, AND INVI OIL AND GAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 24, 2024, a true and correct copy of **INNODRY, LLC, JUSTIN MCCOY, JOHN CLAY BURCH, III AND INVI OIL & GAS, LLC'S RESPONSE TO PFP INDUSTRIES, LLC'S MOTION TO COMPEL PRODUCTION OR, ALTERNATIVELY FOR TURNOVER ORDER** was served in compliance the Federal Rules of Bankruptcy Procedure and Local Rule 9013(d) on all required parties or their counsel of record, including PFP Industries, LLC by ECF service on markfontlaw@gmail.com and joldham@okinadams.com, the Chapter 7 Trustee by ECF service on rosherow@hotmail.com, Interested Party Patterson + Sheridan, LLP by ECF service on rrowe@ccsb.com, Debtor Continuity Controls, LLC by ECF service on fredwalkerlaw@yahoo.com and the U.S. Trustee by ECF service on ustpregion07.au.ecf@usdoj.gov.

*/s/ Brian W. Zimmerman*
Brian W. Zimmerman
