IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONTINUITY CONTROLS, LLC, | § | Case No. 23-10690 SMR |
| | § | |
| DEBTOR | § | Chapter 7 |
| | § | |

**PFP INDUSTRIES, LLC'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL PRODUCTION OR, ALTERNATIVELY,
FOR TURNOVER ORDER [Doc. 38]**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW PfP Industries, LLC ("PfP Industries"), and files this Reply in support of its Motion to Compel Production or, Alternatively, for Turnover Order ("Motion"), and in reply to the response of Patterson + Sheridan, LLP ("Patterson + Sheridan") to PfP Industries' Motion ("Response") (Doc. 42), and in support thereof, respectfully shows as follows:

### I.   Summary of Argument

1. This is not a complicated matter. This is not a discovery dispute. This is about Patterson + Sheridan being less than candid with this Court. This is about Patterson + Sheridan failing to comply with the laws of the State of Texas, the bankruptcy laws of the United States, and a valid order of this Court. This case is about Patterson + Sheridan admittedly, intentionally, and knowingly refusing to turn over a copy of ***the entire contents*** of the Debtor's file.

### II.   Background and Argument[1]

2. Patterson + Sheridan admits that it is intentionally and knowingly refusing to turnover Debtor's property. Doc. 42, ¶ 12. Moreover, Patterson + Sheridan is doing so in defiance of Texas

---

[1] Patterson + Sheridan's Response was filed late. L. Rule 7007 (b)(2) states a response to a non-dispositive motion shall be filed not later than ***14 days*** after the motion is filed. The Motion was filed on July 3. Thus, the Response was due July 17, not July 23, 2024.

law, federal bankruptcy law, and a valid order of this Court. Simply put, Patterson + Sheridan is playing games. *See* 11 U.S.C. 542(a).

3. Patterson + Sheridan filed not one, not two, but three motions to withdraw from representation of the Debtor in the Texas State Litigation—August 25, August 28, and December 14, 2023. The Texas state court judge granted Patterson + Sheridan's motion to withdraw on January 5, 2024. Consequently, Patterson + Sheridan has known for more than 7 months that it ***was required*** under Texas law to provide a copy of ***the entire contents*** of its file to its former client, the Debtor. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.15(d); *see also, Ponce v. Comm'n for Lawyer Discipline*, 2022 Tex. App. LEXIS 3513 *15 (Tex. App.—San Antonio May 25, 2022, no pet.); *Robins v. Comm'n for Lawyer Discipline*, Tex. App. LEXIS 164 at *36-39 (Tex. App.—Houston [1st Dist.] Jan. 9, 2020, pet. denied).

4. Furthermore, it is well settled law in Texas that a client owns the contents of his/her/its file. *See, e.g., In re George*, 28 S.W.3d 511, 516 (Tex. 2000); *In re McCann*, 422 S.W.3d 701 (Tex. Crim. App. 2013); *Positive Software Solutions v. New Century Mortg. Corp.*, 2008 U.S. Dist. LEXIS 139588 (Sept. 17, 2008). Accordingly, at the time Patterson + Sheridan filed its first motion to withdraw, the only question for Patterson + Sheridan was when it would complete its obligation to provide its client with a copy of the client's entire file.

5. Patterson + Sheridan was also fully aware that its client, the Debtor, was filing a voluntary bankruptcy petition on August 29, 2023 (the "Petition Date"), the day after Patterson + Sheridan had filed its second motion to withdraw.

6. Upon Debtor's filing of that bankruptcy petition, ***the entire contents*** of Patterson + Sheridan's file became property of the bankruptcy estate and Patterson + Sheridan was required to turn over ***the entire contents*** of Debtor's file to the Trustee, Randolph N. Osherow. *See* 11 U.S.C.

23-10690-smr Doc#45 Filed 07/30/24 Entered 07/30/24 14:49:29 Main Document Pg 3 of 6

542(a). Despite knowing that it was required to turn over Debtor's file for almost a year, Patterson + Sheridan's Response fails to explain why it did not turn over ***the entire contents*** of Debtor's file to the Trustee.

7. Patterson + Sheridan's Response further fails to dispute or challenge the key facts at issue:

- On December 28, 2023, the Chapter 7 Trustee filed a motion to sell Debtor's property ("Trustee Sale Motion") (Doc. No. 12);

- The Trustee Sale Motion included a copy of the Asset Purchase Agreement;

- The Trustee Sale Motion and Asset Purchase Agreement state that the Trustee is to sell:

    Assignment/ownership of and/or transfer/access to all records of Debtor whether they exist in an electronic or physical form held and/or maintained by any third party, including, but not limited to, Alexander Yousefian, Justin McCoy and Patterson + Sheridan, LLP

- The Trustee Sale Motion includes a Certificate for Service (*see* Doc. 12, pp.25, 26) reflecting service on Patterson + Sheridan, and Debtor's state court co-defendants, Justin McCoy, John Clay Burch, III, Innodry, LLC, inVi Oil & Gas, LLC, and their counsel, Spencer Fane, LLP, and Nick Reisch;

- No person or entity challenged the Trustee's Sale Motion;

- On February 25, 2024, this Court entered an Order granting the Trustee's Sale Motion (Doc. No. 22) ("the Order");

- No person or entity sought a stay or appeal of the Order;

- On February 28, 2024, the Trustee sold the property described in the Trustee's Sale Motion, including all records of the Debtor, to PfP Industries (Doc. 24);

- No person or entity challenged the Trustee's sale of the Debtor's property to PfP.

Simply put, Patterson + Sheridan's Response fails to address the fact that on at least three separate occasions Patterson + Sheridan, Justin McCoy, John Clay Burch, III, Innodry, LLC, inVi Oil & Gas, LLC, Spencer Fane, LLP, and Nick Reisch choose not to take any action to stop or limit the sale of the Debtor's property because of any alleged information being contained therein.

3

8. Having failed to timely act, Patterson + Sheridan's Response tries to confuse the record. As discussed in more detail in PfP Industries' Motion, because Patterson + Sheridan did not provide a copy of ***the entire contents*** of Debtor's file to the Trustee, on April 9, 2024, PfP Industries—as the purchaser of Debtor's property—sent a letter to Patterson + Sheridan LLP demanding it turn over copies of all of its records related to the Debtor. Doc. 38-1. After several requests, Patterson + Sheridan produced some, but not all, of the contents of the Debtor's file on what it described, after the fact, as a rolling basis. PfP Industries requested a definitive date for when Patterson + Sheridan would produce ***the entire contents*** of Debtor's file and received no response. Doc. 38-4. Accordingly, PfP Industries had no choice but to seek the assistance of this Court by filing this Motion. Doc. 38.

9. Patterson + Sheridan's Response is playing a game of hide the ball with this Court. On the one hand, Patterson and Sheridan touts how many documents it has produced (many of which are duplicates). Doc. 42, ¶¶ 3, 11. On the other hand, Patterson + Sheridan fails: (1) to identify how many documents it is intentionally not turning over; (2) to identify or describe, generally, the type of documents it is intentionally refusing to turn over; (3) to state a legal basis for why it is intentionally refusing to turn over the documents; (4) to offer the documents it is intentionally refusing to turn over for *in camera* inspection; (5) to identify who purportedly "may be seeking" protection from the production of the records it is intentionally refusing to turn over; (6) to identify when and why it contacted its former clients' "Co-Defendants'" counsel to seek assistance in resisting compliance with this Court's Order, (7) to acknowledge that, without consent, it produced to its former clients' "Co-Defendant's" counsel a copy of its former client's file that it is intentionally not turning over; or (9) to explain why it contacted its former clients' "Co-Defendants'" counsel, but not the Trustee or counsel for PfP.

4

10. Patterson + Sheridan has known for more than 7 months that at some point it would have to turn over a copy of ***the entire contents*** of Debtor's file. At the latest, that day was January 5, 2024, when the Texas State Court granted Patterson + Sheridan's third motion to withdraw. Thus, Patterson + Sheridan has had more than 7 months to assemble and to turn over a copy of ***the entire contents*** of Debtor's file, but has failed to do so. Similarly, Debtor's state court co-defendants have also had more than 7 months to seek any alleged protection regarding the disclosure of any purportedly privileged documents in Debtor's file. More than 7 months ago, Patterson + Sheridan and Debtor's state court co-defendants had the opportunity to oppose and object to the Trustee's Sale Motion to sell the Debtor's property. They all chose to remain silent. This Court's Order is unequivocal about the sale of the records held by Patterson + Sheridan, and PfP is simply asking for what it lawfully purchased from the Trustee, *i.e.*, that Patterson + Sheridan turnover a copy of ***the entire contents*** of Debtor's file.

11. For all of the foregoing reason, PfP Industries requests that this Court enter an order requiring Patterson + Sheridan to produce and turn over to counsel for PfP Industries a copy of ***the entire contents*** Debtor's file within 10 days. Further, because of its lack of candor and needless gamesmanship, Patterson + Sheridan should be required to file a sworn verification that it has fully complied with the Order entered by this Court.

Respectfully submitted,

**SHIELD LAW, PLLC**

*/s/ Christopher Shield*
Christopher Shield
State Bar No. 24046833
1810 Southmore Blvd., Suite 300
Houston, Texas 77004
832.274.1926
Shield@SLawLit.com

and

5

**MARK A. FONT, P.C.**

*/s/ Mark A. Font*
MARK A. FONT
State Bar No.: 07216000
16107 Kensington Dr. #265
Sugar Land, Texas 77479
281-635-4830
markfontlaw@gmail.com

**ATTORNEYS FOR
PFP INDUSTRIES, LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 30, 2024, a true and correct copy of the foregoing was served via electronic means to counsel for Patterson + Sheridan LLP by electronic mail and to all parties entitled to receive notice in this case through the Court's ECF system

*/s/ Christopher A. Shield*
Christopher A. Shield