IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CONTINUITY CONTROLS, LLC | § § | Case No. 23-10690 SMR |
| DEBTOR | § § § | Chapter 7 |

**POST-HEARING BRIEF OF INNODRY, LLC, JUSTIN MCCOY, JOHN CLAY BURCH, III AND INVI OIL & GAS, LLC**

Innodry, LLC, Justin McCoy, John Clay Burch III, and INV Oil & Gas, LLC (collectively **the Innodry Defendants**) submit this post-hearing brief to address questions and issues remaining from the hearing on PfP's motion to compel production or, alternatively for turnover order, including the application to this dispute of the *Crescent Resources* and *Hardwood* decisions from the Western District of Texas Bankruptcy Courts.

**A. This Court has the authority to rule on PFP's motion as a request for turnover and to make rulings on the assertion of privilege in relation to that request.**

Ordinarily, a request for turnover in a bankruptcy court would be made on behalf of a trustee under § 542 of the bankruptcy code. A purchaser of assets from the trustee would not have any rights under § 542. But the Fifth Circuit recently confirmed that a bankruptcy court has the authority, separate and apart from § 542, to enter a turnover order at the request of a purchaser of assets like PfP because it involves the interpretation and enforcement of its prior sale order. *Matter of RE Palm Springs II, L.L.C.*, 106 F.4th 406, 413-16 (5th Cir. 2024).

Further, the *Crescent Resources* opinion that this Court asked the parties to address confirms that a bankruptcy court has the authority, and obligation, to rule on assertions of privileges in documents in conjunction with ruling on a turnover request. *In re Crescent Res., LLC*, 457 B.R. 506, 530 (Bankr. W.D. Tex. 2011).

Notably, the turnover request in *Crescent Resources* was associated with various ancillary litigation matters for which a law firm's files might be relevant. *Id.* And *Crescent Resources* ultimately restricted a trustee's use of those files in litigation with third parties based on a joint client privilege. *Id.* Perhaps the trustee in *Crescent Resources* could have sought the same files through ordinary discovery efforts in one of those ancillary litigation matters. But the possibility of an alternative method of obtaining the documents did not prevent *Crescent Resources* from resolving the issue.

Similarly in this case, separate from its assertion of entitlement to the privilege documents at issue based on ownership, PfP has suggested that the documents it has requested be turned over because they are relevant to its adversary proceeding against Patterson + Sheridan, LLP. (Motion to Compel, Dkt # 38 ¶¶ 11-14.) PfP could have pursued the privileged documents under the ordinary federal rules applicable to an adversary proceeding and the privilege claims could have been addressed under rule 26(b)(5). But the availability of another method of raising these issues in another proceeding does nothing to limit this Court's authority to rule on PfP's current request and the assertions of privilege by the Innodry Defendants.

Moreover, the Innodry Defendants urge the Court to do so rather than subjecting them to another proceeding at additional time and expense if they want to protect their privileged documents. And, of course, they anticipate and expect PfP to honor this Court's ruling if it as adverse to PfP and not seek a second bite at the apple in the adversary proceeding (or in other litigation not before this Court).

**B. This Court should apply Texas state law when ruling on the Innodry Defendants' assertions of privilege.**

Except where specifically overridden by federal bankruptcy law, bankruptcy courts apply state law to determine the rights of parties. *Butner v. United States*, 440 U.S. 48, 54–55 (1979). And this same rule would apply in any adversary proceeding (or civil matter in federal court). Generally, it is federal law

that governs privilege claims asserted in a federal court. Fed. R. Evid. 501. But when state law applies the rule of decision, it is state privilege law that applies. *RTG, LLC v. Katona Fodera*, No. 5-19-CV-0087-JKP-RBF, 2020 WL 6379331, at *2 (W.D. Tex. Apr. 14, 2020).

This separate application of state and federal law is illustrated by the difference in the law applied in *Crescent Resources* and *Hardwood*. *Crescent Resources* involved a turnover order for legal files associated with work a law firm had done for the debtors relating to North Carolina property. *Crescent Res.*, 457 B.R. at 509–12. As a result, *Crescent Resources* applied North Carolina law to resolution of the asserted privileges. *See e.g., id.* at 522-23. Conversely, *Hardwood* applied federal privilege law because the dispute involved an assertion of privileged documents created as part of the bankruptcy proceedings. *See, e.g.*, *In re Hardwood P-G, Inc.*, 403 B.R. 445, 451 and 458 (Bankr. W.D. Tex. 2009).

In this case, it is clearly Texas state law that applies because the documents at issue were created as part of a representation in a state court proceeding in Harris County, Texas. (Motion to Compel, Dkt # 38 ¶¶ 2, 11.) Indeed, PfP relies upon Texas state law for its arguments. (*Id.* ¶22.)

Of course, it is not clear that any differences between Texas state and federal privilege law are material to this Court's resolution of the privilege issues. But it is nonetheless important to recognize that Texas law should be applied by the Court in reaching its decision regarding the Innodry Defendants' assertions of privilege.

**C. Applicable privilege law can restrict PfP's right to the use of, and entitlement to see, documents "owned" by PfP.**

PfP has argued that its "ownership" through the purchase of the records of Continuity Controls begins and ends any issue of whether the Innodry Defendants can protect their privileges in any documents held by Patterson + Sheridan, LLP. But this is not supported by the applicable law. While recognizing a former client's right to his file, the Texas Supreme Court also confirmed that such rights are

restricted where the file contains the confidential information of another. *In re George*, 28 S.W.3d 511, 516 (Tex. 2000).

Indeed, a prior decision from this same district relied upon *George* to prevent the current owner of corporations from obtaining documents "owned" by the corporations because the documents were subject to a privilege of an individual debtor. *In re Bounds*, 443 B.R. 729, 733–34 (Bankr. W.D. Tex. 2010). *Bounds* involved a situation in which the debtor was the former owner of the corporations, and the new owner purchased the corporations out of the debtor's bankruptcy. *Id.* at 732. The new owner demanded the entire legal files for the corporations, including files which involved joint representation of the corporations and the individual debtor in state court proceedings. *Id. Bounds* permitted the new owner to have access to the files that did not involve confidential information of the debtor. *Id.* at 733. But *Bounds* held that the new owner **was not entitled** to documents in which the debtor had a privilege because neither the new owner nor the trustee had the power to waive the debtor's rights to the privilege under Texas law.[1] *Id.* at 733.

The same legal limitations to the litigation files present in *Bounds* would apply here: PfP simply is not entitled to any documents in which the Innodry Defendants have a privilege, regardless of their ownership rights to the records of Continuity Controls.

---

[1] The Innodry Defendants do not know if PfP might try to claim that the exception to the privilege mentioned and distinguished in *Bounds* applies here. But the exception does not apply. The exception applies to prevent the privilege arising from a joint representation of clients from being invoked in litigation between joint clients in litigation between them arising from the joint representation. *Bounds*, 443 B.R. at 734. This exception did not apply in *Bounds* because there was no litigation between the actual joint clients and the new owner and the debtor, who were involved in litigation, were never joint clients. *Id.* The same is true in this case. There is no litigation between the Innodry Defendants and Continuity Controls and, while there is litigation between the Innodry Defendants and PfP, they were never joint clients or parties that shared a common interest privilege.

**POST-HEARING BRIEF OF INNODRY DEFENDANTS**  Page 4 of 7

### D. The Innodry Defendants can prove up their privilege in the documents at issue through a declaration, live testimony, or the documents themselves.

While it remains true that testimony is not typically taken in most Texas state trial courts when privilege issues are raised, this is likely because either the privilege regarding documents is not challenged or because the number of challenged documents is small enough to enable convenient *in camera* review by the trial court.

A party asserting a privilege does have the burden to present evidence establishing a prima facie case for the privilege. *Homeland Ins. Co. of New York v. Clinical Pathology Labs., Inc.*, 643 F. Supp. 3d 675, 683 (W.D. Tex. 2022) (applying Texas privilege law). This "requires only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (citation omitted). This standard can be met through an affidavit/declaration, live testimony, or, in some circumstances, the documents themselves. *State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991).

This minimal standard can be met even if it discusses groups of documents in which the privilege is claimed, rather than each document individually. *In re Stephens Inc.*, 579 S.W.3d 438, 445 (Tex. App.—San Antonio 2019, no pet.); *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004)

Once this burden has been met, the burden shifts to the party seeking the documents to refute the claim of privilege by establishing an exception. *In re Stephens Inc.*, 579 S.W.3d at 445. Further, if the documents have been tendered to the trial court, the trial court must conduct an *in camera* inspection before deciding to compel production. *DuPont*, 136 S.W.3d at 223.

**E. The attached declaration establishes a prima facie case for the privilege.**

A review of the 850 files in which the privilege is being claimed would be onerous and the Court has already indicated it is disinclined to conduct such a review. The undersigned counsel is willing to provide live testimony if the Court wants live testimony. But affidavit/declaration testimony is sufficient evidence under the law. In an effort for efficiency, the Innodry Defendants have attached the declaration of Nicholas Reisch in support of the privilege as Exhibit A. The detailed declaration is sufficient to establish a prima facie case for the privilege as to the 850 documents. (Reisch Decl. Ex. A ¶¶ 1-14.)

**Conclusion**

Based on the attached declaration and the applicable law, the Innodry Defendants have established their privilege in the 850 documents. PfP has not indicated that they think any of the narrow privilege exceptions apply and there is no reason to believe one would. In the absence of any assertion of an exception from PfP, the Innodry Defendants request that the Court rule that the 850 documents withheld by Patterson + Sheridan, LLP are protected by privileges from disclosure belonging to the Innodry Defendants and deny PfP's motion without another hearing.

However, if the Court decides it wants live testimony, review the documents *in camera*, or have a hearing before ruling, the Innodry Defendants will cooperate.

Respectfully submitted,

**SPENCER FANE LLP**

By: */s/ Brian W. Zimmerman*
    Brian W. Zimmerman
    State Bar No. 00788746
    bzimmerman@spencerfane.com
    Nicholas J. Reisch
    State Bar No. 24046699
    nreisch@spencerfane.com
    3040 Post Oak Blvd., Suite 1400
    Houston, Texas 77056
    Telephone:(713) 552-1234
    Facsimile: (713) 963-0859
**ATTORNEYS FOR INNODRY, LLC, JUSTIN MCCOY, JOHN BURCH, AND INVI OIL AND GAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 16, 2024, a true and correct copy of the **POST-HEARING BRIEF OF INNODRY, LLC, JUSTIN MCCOY, JOHN CLAY BURCH, III AND INVI OIL & GAS, LLC** was served in compliance the Federal Rules of Bankruptcy Procedure and Local Rule 9013(d) on all required parties or their counsel of record, including PFP Industries, LLC by ECF service on markfontlaw@gmail.com and joldham@okinadams.com, the Chapter 7 Trustee by ECF service on rosherow@hotmail.com, Interested Party Patterson + Sheridan, LLP by ECF service on rrowe@ccsb.com, Debtor Continuity Controls, LLC by ECF service on fredwalkerlaw@yahoo.com and the U.S. Trustee by ECF service on ustpregion07.au.ecf@usdoj.gov.

          */s/ Brian W. Zimmerman*
          Brian W. Zimmerman