IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONTINUITY CONTROLS, LLC, | § | Case No. 23-10690 SMR |
| | § | |
| DEBTOR | § | Chapter 7 |
| | § | |

**PFP INDUSTRIES, LLC'S POST HEARING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OR, ALTERNATIVELY, FOR TURNOVER ORDER [Doc. 38]**

Movant, PfP Industries, LLC ("PfP Industries"), files this Post Hearing Brief in support of its Motion to Compel Production or, Alternatively, for Turnover Order ("Turnover Motion").

## I. Summary of Argument

This is a property matter. PfP Industries is seeking the turnover of property of Debtor's bankruptcy estate—the entire contents of Debtor's file in possession of Patterson + Sheridan, LLP—that was lawfully purchased from the Chapter 7 Trustee with the approval of this Court. PfP Industries has presented uncontroverted evidence that it is the owner and holder of all rights, title, and interests in and to Debtor's file. Further, neither Patterson + Sheridan nor the Innodry Parties have contested the validity of this Court's Order approving the sale of the file. That could and should be the end of the analysis, 11 U.S.C. § 542(a) unquestionably requires turnover and any asserted privilege is irrelevant. *McKinstry v. Gensler (In re Black Diamond Mining Co., LLC)*, 507 B.R. 209, 214 (E.D. Ky. 2014). Accordingly, the Turnover Motion should be granted.

This Court may also grant the Turnover Motion pursuant to 11 U.S.C. § 542(e). PfP Industries has presented evidence that the documents and records in the file relate to the Debtor's property or financial affairs. Patterson + Sheridan is not and has not asserted any privilege as to the contents of the file. Moreover, the Innodry Parties have wholly failed to meet their burden of presenting evidence regarding each element of any applicable privilege. Indeed, attorney

1

argument and allegations alone are not evidence, and are not sufficient to support an allegation of privilege that would prevent turnover of the entire contents of Debtor's file to PfP Industries. *See Black Diamond,* 507 B.R. 209; *In re Crescent Resources*, *LLC*, 457 B.R. 506 (Bankr. W.D. Tex. 2011). Again, PfP Industries' Turnover Motion should be granted. Regardless of whether this Court applies § 542(a) or § 542(e), the result is the same, Patterson + Sheridan should be ordered to turn over the entire contents of Debtor's file.

## II. The Undisputed Facts

The following undisputed facts support PfP Industries Turnover Motion:

- The Debtor filed a voluntary bankruptcy petition in this Court on August 29, 2024.

- Upon Debtor's filing of that bankruptcy petition ***the entire contents*** of Patterson + Sheridan's file for the Debtor, became property of the bankruptcy estate.

- Patterson + Sheridan failed to comply with 11 U.S.C. § 542(a); Patterson + Sheridan failed to turn over ***any*** of Debtor's file to the Trustee, Randolph N. Osherow.

- On January 5, 2024, the Texas state court judge granted Patterson + Sheridan's motion to withdraw from representation of the Debtor.

- Pursuant to Texas law Patterson + Sheridan was then required to provide a copy of ***the entire contents*** of its file to its former client—the Debtor's representative, the Trustee, Randolph N. Osherow.

- The Innodry Parties took no action to allege any type of privilege, protect from disclosure, or assert any type of interest in any of Debtor's property.

- On December 28, 2023, the Chapter 7 Trustee filed a motion to sell Debtor's property ("Trustee Sale Motion") (Doc. No. 12), including:

    All Chapter 5 causes of action, known or unknown, including but not limited to, any preferences and/or fraudulent transfer against Alexander Yousefian, Justin McCoy, Patterson+ Sheridan, LLP, Fred E. Walker, PC, and any prior officers and directors of Debtor.

    Assignment/ownership of and/or transfer/access to all records of Debtor whether they exist in an electronic or physical form held and/or maintained by any third party, including, but not limited to, Alexander Yousefian, Justin McCoy and Patterson + Sheridan, LLP.

2

- No person or entity challenged the Trustee's Sale Motion;

- On February 25, 2024, this Court entered an Order granting the Trustee's Sale Motion (Doc. No. 22) ("the Order");

- No person or entity sought a stay or an appeal of the Order;

- On February 28, 2024, the Trustee sold the property described in the Trustee's Sale Motion, including all records of the Debtor, to PfP Industries (Doc. 24);

- No person or entity challenged the Trustee's sale of the Debtor's property to PfP;

- On April 9, 2024, PfP Industries requested Patterson + Sheridan to turn over the entire contents of its file related to its representation of the Debtor. (Doc. 38, Ex. 1);

- On July 3, 2024, PfP Industries filed a Motion to Compel, or Alternatively for Turnover, seeking an order requiring Patterson + Sheridan to turn over the entire contents of its file related to representation of Debtor. (Doc.38).

### III. Patterson + Sheridan has Duty to Turn Over Property

Collecting property of the estate is a Chapter 7 trustee's first duty. 11 U.S.C. § 704(a)(1). A debtor must cooperate with the trustee in that pursuit. 11 U.S.C.S. § 521(a)(3) and (a)(4); FED. R. BANKR. P. 4002. Section 542(a) places an affirmative duty upon the person in possession of bankruptcy estate property to turn over the property to the trustee, it is essentially self-executing; no action by the debtor or the trustee is necessary to compel compliance. *See, e.g., Nissan Motor Acceptance Corp. v. Baker,* 239 B.R. 484, 488 (N.D. Tex. 1999); *In re Zaber,* 223 B.R. 102, 104 (Bankr. N.D. Tex. 1998). Further, anyone who has recorded information about estate property or debtor's financial affairs can be ordered to turn it over. 11 U.S.C. § 542(e). The trustee may seek the bankruptcy court's help in enforcing the performance of these duties of cooperation and production. These duties and Bankruptcy Code provisions are critical to the administration of a bankruptcy estate. *See Rupp v. Auld (In re Auld)*, 561 B.R. 512, 515 (10th Cir. 2017).

PfP is the successor-in-interest to the Trustee. Despite multiple demands, Patterson + Sheridan has not cooperated and produced the property of Debtor's Estate to PFP Industries.

### IV. *In re Black Diamond Mining Co., LLC*

In *McKinstry v. Gensler (In re Black Diamond Mining Co., LLC)*, 507 B.R. 209, 214 (E.D. Ky. 2014), the Trustee filed a motion seeking the Debtor's file in possession of counsel pursuant to § 542(e). The Debtor's counsel opposed the motion. Interestingly, the court begins its discussion by noting that in most states, the client's file is the client's property. The Court states: "On that view, § 542 unquestionably would require turnover—and privilege would be irrelevant." *See* 11 U.S.C. § 542(a) ("[A]n entity . . . in possession, custody, or control . . . of property that the trustee may use . . . shall deliver [such property] to the trustee."). *Id.* at 214. That should have been the end of the analysis; however, the Trustee sought turnover of the file pursuant to § 542(e) instead of § 542(a). The court then analyzed the motion and counsel's claimed privileges in a similar manner to *Crescent Resources*. *Id.* at 215-16. Ultimately, the Court found none of the claimed privileges applicable and ordered counsel to turn over all documents and records in any medium relating to its representation of the Debtor. *Id.* at 219.

In Texas, the client's file is the client's property. *In re McCann*, 422 S.W.3d 701 (Tex. Crim. App. 2013)(Today we reaffirm that a client owns the contents of his or her file). The evidence shows that no one has contested that PfP now holds all rights, title, and interests in and to Debtor's file. Doc. 22, 24. Pursuant to § 542(a), Patterson + Sheridan should be ordered to turn over the Debtor's file to PfP Industries—any alleged privilege is irrelevant. *Black Diamond,* 507 B.R. at 214.

### V. *In re Crescent Resources, LLC*

Should this Court choose to treat PfP Industries' Turnover Motion as a request for turnover pursuant to 11 U.S.C. § 542(e), rather than 11 U.S.C. § 542(a), then the analysis and holdings of *In re Crescent Resources, LLC*, 457 B.R. 506 (Bankr. W.D. Tex. 2011) are applicable.

Because *Crescent Resources* involves Chapter 11 not Chapter 7, the roles of the parties and some of the analysis must be analogized. PfP Industries has an almost identical role to that of the Litigation Trust. The Litigation Trust was assigned the right to pursue causes of action which the Debtor could have asserted, including both avoidance and other causes of action, *id.* at 511, and PfP Industries was assigned the right to pursue causes of action which the Trustee could have asserted, including avoidance and other causes of action. Doc. 22. Additionally, both the Litigation Trust and PfP Industries were assigned all rights and interests in documents and communications associated with their claims. *Crescent Resources,* 457 B.R. at 511, Doc. 22. Furthermore, the Litigation Trust was the successor in interest to the Debtor, and PfP Industries is the successor in interest to the Trustee. *Crescent Resources,* 457 B.R. at 512, Doc. 24. Finally, both the Litigation Trust and PfP Industries filed motions to compel the turnover of Debtor's documents and records in possession of counsel. *Crescent Resources,* 457 B.R. at 509, Doc. 38.

It is at this point some of the roles of the parties diverge from those in *Crescent Resources*. There, both counsel (RBH) and a former parent of the debtor (Duke) contested the turnover motion. Here, Debtor's former counsel (Patterson + Sheridan, LLP) is not contesting the Turnover Motion, rather a group of state court co-defendants of Debtor (the Innodry Parties) are contesting the Turnover Motion. Like Duke, the Innodry Parties assert that certain documents and records are privileged and should not be turned over. *Crescent Resources,* 457 B.R. at 509, Doc. 44.

Of significance here, this Court will note that prior to discussing the contentions of the parties or the evidentiary requirements, the court discusses the documents in issue and noted that its Order contains a spreadsheet detailing the contents of the 345 files at issue (the "RBH Spreadsheet"), demonstrating that the legal counsel resisting the turnover motion has an obligation to prepare a document that details information related to the contested documents. *See Crescent*

5

*Resources,* 457 B.R. at 512-13. Surprisingly, the Innodry Parties have refused to provide a spreadsheet, privilege log, or any kind of writing related to the quantity or type of documents and records they assert should not be turned over. In fact, they have asserted without citation that it is not required or needed. Doc. 44.

In *Crescent Resources* the court provides a discussion and analysis of the evidentiary requirements/standards of proof for turnover pursuant to both § 542(a) or § 542(e). Unfortunately missing from the Opinion is any discussion on if a movant satisfies the requirements of § 542(a), then whether and why an analysis of the facts under § 542(e) is necessary. Regardless, the result is the same under § 542(a) or § 542(e).

Under § 542(e), the movant must carry the initial burden to establish that the documents and records in issue relate to the debtor's property or financial affairs. *Crescent Resources,* 457 B.R. at 513. Once this initial burden is satisfied, then the burden shifts to the party asserting the privilege, and that party must establish all of the elements required to show the existence of a privilege. *Id.* In the case at bar, there can be no doubt that the documents and records in issue relate to the debtor's property. The Trustee, with this Court's approval, sold Debtor's property—the documents and records at issue—to PfP Industries. Doc. 24. Consequently, it is the Innodry Parties' burden to establish all of the elements necessary to show the existence of a valid privilege. *Crescent Resources,* 457 B.R. at 513. Here, the Innodry Parties simply filed an unverified response, alleging an unknown quantity of documents were, in their sole opinion, privilege for multiple reasons. Doc. 44. The Innodry Parties' Response falls woefully short of what is required, and wholly fails to meet the requirements of any asserted privilege. *See id*.

After setting out the test for establishing an attorney-client privilege, the *Crescent Resources* court discussed what establishes an attorney-client relationship and the existence and

scope of any joint representations. *Id.* at 516-77. That is whether a "joint defense/joint client" privilege was applicable to the documents in issue. The court—quoting *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 (3rd Cir. 2007)—stated "the keys to deciding the scope of any joint representation are ***the parties' intent and expectations***." *Id.* at 517 (emphasis added).

The court then engaged in an extensive summary and analysis of the evidence and arguments presented by both the Litigation Trust and Duke, *see id.* at 517-21, and once again cited *Teleglobe's* guidance twice more in its analysis. *Id.* 523-24. Duke's five groups of evidence included an affidavit of in-house counsel, documents, deposition testimony, and sworn testimony of several witnesses. *Id.* at 518-21. The court concluded that Duke and Crescent Resources were joint clients. *Id.* at 524. Here, the Innodry Parties have done nothing more than file an unverified response to PfP Industries' Turnover Motion. Doc. 44. Simply put, the Innodry Parties have not submitted any evidence of "***the parties' intent and expectations***"—as opposed to the lawyers' intent and expectations—to support any purported attorney-client or common interest privilege. *See Id.* at 517 (emphasis added).

Even if the Innodry Parties were to somehow come forward with evidence to attempt to meet their burden that each of the documents and records at issue are (1) subject to the attorney-client privilege and (2) fall within the scope of a joint defense agreement, the Court should still require Patterson + Sheridan to turn over the documents. As the *Crescent Resources* court found, as between the jointly represented parties, "Duke cannot invoke the attorney-client privilege to stop the Trust from using the joint-client files in adversary proceedings between Duke and the Trust." *Id.* at 528. The Court then found that the Trust may not unilaterally waive the joint-client privileges and use privileged information in proceedings involving third-parties, absent waiver from Duke. *Id.* at 529. Ultimately, the Court ordered that all of the files and records at issue

should be turned over to the Trustee of the Trust within five (5) business days. *Id.* at 530. The same analysis is applicable to this issue before this Court. The Innodry Parties cannot invoke the privilege to stop PfP Industries from using the joint-defense documents and records in adversary proceedings between PfP Industries and the Innodry Parties, including Justin McCoy, a former owner of the Debtor. Accordingly, this Court should order Patterson + Sheridan, LLP to turn over the entire contents of Debtor's file within ten (10) days.

## VI. *In re Hardwood P-G, Inc.*

*Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445 (Bankr. W.D. Tex. 2009) is procedurally and factually distinguishable from the case at bar. The case was a Chapter 11 case, not a Chapter 7 case, it does not involve a motion for turnover, and it does not involve rights to or ownership of property. Rather the case involves a discovery dispute wherein the Litigation Trustee filed a motion for an *in camera* inspection and a motion for protective order. *Id.* at 450.

If the Court chooses to analyze PfP Industries' Turnover Motion pursuant to § 542(e) then the following general concepts are applicable to the case at bar.

- Under *Weintraub* and *Sovereign Software,* the Trustee became the holder of the Debtors' attorney-client privilege.

- The right to assert or waive the attorney-client privilege of the debtor corporation rests with the trustee in a bankruptcy situation. *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del. v. Fleet Retail Fin. Group, et. al. (In re Hechinger Inv. Co. of Del.),* 285 B.R. 601, 611 (D. Del. 2002)(citing *Weintraub,* 471 U.S. at 349).

- The burden to establish the elements of the attorney-client privilege lies with the party asserting the privilege, *i.e.*, the Innodry Parties. *Ferko v. NASCAR, Inc.,* 218 F.R.D. 125, 134 (E.D. Tex. 2003) (Schell, J.). Further, that party has the burden to prove that waiver did not occur. *Id.*

- While normally disclosure to third parties waives the privilege, an exception applies for disclosures to accountants or other professionals hired to assist the lawyer in providing legal advice to the client. *Id.* at 134-135 (citing *United States v. Kovel,* 296 F.2d 918, 922 (2d Cir. 1961).

- Another exception to the waiver-by-disclosure rule is the common interest doctrine. *U.S.A. v. BDO Seidman, LLP, 492 F.3d 806, 815 (7th Cir. 2007)*. The doctrine applies "where the parties undertake a joint effort with respect to a common legal interest, and the doctrine is limited strictly to those communications made to further an ongoing enterprise." *Id.* at 815-816.

- Whether a document is protected from discovery by attorney work product is a fact intensive determination. *Devaney v. Chester*, 1986 U.S. Dist. LEXIS 26096, at *51-52 (S.D.N.Y. Apr. 29, 1986) (citations omitted). Because there is no hard and fast rule, ***a court must undertake a case-by-case analysis of each of the documents sought to be protected***. (emphasis added.).

Otherwise, *In re Hardwood* is not applicable to this case.

## VII. The Order – Relief Sought

In *Crescent Resources*, Judge Gargotta ordered counsel (RBH) to turn over all files and records related to its representation of Crescent Resources, in whatever form held to the Litigation Trust within five (5) business days. *Crescent Resources*, 457 B.R. at 530. The Trust further ordered that the Trust's use of certain documents was limited as set forth in the opinion. *Id.* Lastly, the court ordered that "RBH shall account, in writing, for each and every document in those files and records that has [been] removed, moved, or altered in any way, including, but not limited to the identification of the specific location from which any documents were removed." *Id.*

Similarly, PfP Industries has requested that Patterson + Sheridan, LLP be required to turn over the entire contents of Debtor's file to PfP Industries' counsel. Doc. 38. There has been no evidence of and no finding of an applicable privilege which would limit PfP Industries' use of the documents. *See* Doc. 44, 26. Lastly, the evidence and pleadings reveal that Patterson + Sheridan was not diligent in gathering and turning the file over to the Trustee. *See* Doc. 42, 45. Moreover, rather than communicate any concern regarding a third party's potential privilege to PfP Industries or the Trustee, Patterson + Sheridan assembled and provided the documents, without any authority, to a third party. *See id.* Consequently, this Court should require Patterson + Sheridan to certify

that it has made a diligent search for the entire content of Debtor's file and that it has turned over the entire contents of Debtor's file. *See Crescent Resources*, 457 B.R. at 530.

### VIII. Other Cases Requiring Turnover of Client's Files

In addition to *Crescent Resources*, the following cases hold that documents and records in counsel's files must be turned over: *Schwatzer v. Pisanelli Bice, PLLC (In re Fresh Mix LLC)*, 2023 Bankr. LEXIS 2630 (Bankr. D. Nev. Oct. 20, 2023); *In re Dawson*, 587 B.R. 327 (Bankr. W.D. Mich. 2018); *Rupp v. Auld (In re Auld)*, 561 B.R. 512 (B.A.P. 10th Cir. 2017); *Wisper II, LLC v. Strawn (In re Wisper, LLC)*, 2014 Bankr. LEXIS 5361 (Bankr. W.D. Tenn. 2014); *In re Fundamental Long Term Care Inc.*, 489 B.R. 451 (Bankr. M.D. Fla. 2013); *In re Cardinal Fastener & Specialty Co.*, 2013 Bank. LEXIS 452 (Bankr. N.D. Ohio Feb. 4, 2013); *In re Taproot Sys.*, 2012 Bankr. LEXIS 2750 (E.D.N.C. June 15, 2012); *In re Equaphor Inc.*, 2012 Bankr. LEXIS 2199 (Bankr. E.D. Va May 11, 2012); *In re Hotels Nev., LLC*, 458 B.R. 560 (Bankr. D. Nev. 2011); *Citron & Deutsch, A Law Corp. v. Ya Hsin Indus. Co. (In re Proton Digital Corp.)*, 2011 U.S. Dist. LEXIS 47785 (C.D. Cal. Apr. 27, 2011); *In re Pearlman*, 381 B.R. 903 (M.D. Fla 2007); *Faulkner v. Kornman (In re Heritage Org., L.L.C.)*, 350 B.R. 733 (Bankr. N.D. Tex. 2006); *Isola Communs., LLC v. Def. Dynamics, LLC (In re Sola Communs., LLC)*, 2005 Bankr. LEXIS 3065 (Bankr. W.D. La. Dec. 21, 2005); *In re Mirant Corp.*, 326 B.R. 646 (Bankr. N.D. Tex. 2005); *In re Am. Metrocomm Corp.*, 274 B.R. 641 (Bankr. D. Del. 2002); *In re Greater Southeast Cmty. Hosp. Found., Inc.*, 2001 Bankr. LEXIS 1780 (Bankr. D.C. June 11, 2001).

### XI. Prayer

For all of the foregoing reason, PfP Industries prays requests that this Court grant its Turnover Motion.

Respectfully submitted,

**SHIELD LAW, PLLC**

*/s/ Christopher Shield*_____
Christopher Shield
State Bar No. 24046833
1810 Southmore Blvd., Suite 300
Houston, Texas 77004
832.274.1926
Shield@SLawLit.com

and

**MARK A. FONT, P.C.**

*/s/ Mark A. Font*_____
MARK A. FONT
State Bar No.: 07216000
16107 Kensington Dr. #265
Sugar Land, Texas 77479
281-635-4830
markfontlaw@gmail.com

**ATTORNEYS FOR
PFP INDUSTRIES, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2024, a true and correct copy of the foregoing was served in compliance with the Federal Rules of Bankruptcy Procedure and Local Rule 9013(d) on all required parties or their counsel of record, including the Debtor by first class U.S. mail to 13800 Lyndhurst St., Unit 91, Austin, TX 78717, the Chapter 7 Trustee by ECF service to rosherow@hotmail.com and rosherow@ecf.axosfs.com, the U.S. Trustee by ECF service to ustpregion07.au.ecf@usdoj.gov, Patterson + Sheridan, LLP by ECF service to rrowe@ccsb.com, lsparkes@ccsb.com, mplata@ccsb.com, and sfrisbee@ccsb.com, and to Innodry, LLC, inVi Oil & Gas, LLC, Justin McCoy, and John Clay Burch, III, by ECF service to bzimmerman@spencerfane.com, nreisch@spencerfane.com, amartin@spencerfaine.com, and jstory@spencerfane.com.

*/s/ Christopher A. Shield*
Christopher A. Shield